UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-23576-CIV-WILLIAMS

AM GRAND COURT LAKES, LLC, et al.,

    Plaintiffs,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on (DE 13) Defendant Rockhill Insurance Company's motion to dismiss the two-count complaint filed by Plaintiffs AM Grand Court Lakes LLC and AM 280 Sierra Drive LLC. For the reasons below, Defendant's motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' bad faith claim is dismissed without prejudice; Defendant must answer Plaintiffs' breach of contract claim within fourteen days.

I.    **BACKGROUND**

Plaintiffs own real property insured under a commercial property insurance policy issued by Defendant. (DE 9-3 ¶ 6). In September 2017, while the policy was in place, the property sustained wind and water damage from Hurricane Irma—a "covered loss" under the policy. *Id.* ¶ 9. Plaintiffs notified Defendant of the loss, and Defendant accepted coverage. *Id.* ¶ 10. But because Defendant has not issued any payment to Plaintiffs for the loss, they filed a two-count complaint in Florida state court for breach of contract (Count I) and statutory bad faith (Count II). *Id.* ¶ 11. The case was subsequently removed

to this Court. (DE 1). Defendant now moves to dismiss the bad faith claim as unripe and strike "all bad faith allegations contained" in the breach of contract claim.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

## III. ANALYSIS

### A. **Plaintiff's Statutory Bad Faith Claim Is Not Ripe And Will Be Dismissed Without Prejudice.**

In Count II, Plaintiffs assert a claim under Fla. Stat. § 624.155 for statutory bad faith. The Parties agree that statutory bad faith claims do not accrue until there has been

2

a final adjudication of liability under the disability policy. *See e.g., Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) (holding that a party may not bring a cause of action for violations of Florida Statute §624.155 "until there is a determination of liability and extent of damages owed on the first-party insurance contract."); *see also* (DE 9-3, Compl., ¶ 23) (conceding that the bad faith claim is not ripe until liability is adjudicated or confessed in Plaintiffs' favor on Count I); (DE 15, Def.'s Resp. Mot. Dismiss, at 3) ("A cause of action for an insurer's failure to settle its insured's claim in good faith does not accrue until and unless the insured's underlying first-party action for insurance benefits is resolved favorably to the insured."). They disagree, however, on whether the bad faith claim should be abated or dismissed without prejudice. Defendant argues that because the claim is not ripe, the Court lacks subject matter jurisdiction over the claim under Article III of the United States Constitution and must dismiss it. Plaintiffs respond that the Court may exercise its discretion to abate, rather than dismiss, the bad faith claim, and should do so in the interest of "judicial economy." After considering the Parties' arguments and relevant case law, the Court agrees with Defendant: The bad faith claim is not ripe and should be dismissed without prejudice.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." *Digital Properties, Inc. v. City of Plantation*, 121 F. 3d 586, 589 (11th Cir. 1997) (citing U.S. Const. act III, §2, cl. 1). Because a claim that lacks ripeness is not justiciable, the absence of ripeness precludes the exercise of federal jurisdiction. *Keenan v. L.M. Gen. Inc. Co.*, No. 6:17-cv-1426 – Orl-40GJK, 2018 WL 565679, *2 (M.D. Fla. Jan. 18, 2018) (dismissing without prejudice bad faith claims "indisputably unripe for adjudication")

(citing *Zinni v. ER Solutions, Inc.*, 692 F. 3d 1162, 1166 (11th Cir. 2012)). "The determination of ripeness goes to whether the district court has subject matter jurisdiction to hear the case." *Digital Properties, Inc. v. City of Plantation*, 121 F. 3d 586, 591 (11th Cir. 1997) (internal quotation marks and citation omitted). A claim that fails ripeness should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Goodwin v. Walton County Florida*, 248 F. Supp. 3d 1257, 1265 n. 3 (N.D. Fla. 2017) (citing *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F. 3d 1203, 1205 (11th Cir. 2012)).

It is undisputed that Plaintiffs' bad faith claim is not ripe. *See e.g., Vest*, 753 So. 2d at 1276; ("We continue to hold in accord with *Blanchard v. State Farm Mutual Automobile Insurance Co.*, 575 So. 2d 1289 (Fla. 1991)] that bringing a cause of action in court for violation of section 624.155(1)(b) is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract."); *Fred Fox v. Starr Indemnity & Liability Co.*, 2017 WL 78828 *1 (M.D. Fla. Jan. 9, 2017) ("If an insured cannot allege success in a breach-of-contract claim, the insured's bad-faith claim must fail."). The claim depends on numerous contingencies, including Plaintiffs' receiving a favorable adjudication on their breach of contract claim and on Defendant's defenses, and that adjudication being sustained on appeal. *See XL Specialty Ins. Co. v. Aircraft Holdings, LLC*, 929 So. 2d 578, 587 n. 7 (Fla. 1st DCA 2006) ("The trial court's ruling on the breach of contract claim is pending on appeal, therefore is not finally resolved."). The bad faith claim is thus too remote and speculative at this stage to constitute a justiciable "case or controversy" under Article III of the Constitution.

Plaintiffs argue that the Court should abate the claim rather than dismiss it "in the interests of judicial efficiency." Plaintiffs, however, have not clearly articulated how or why the interests of judicial efficiency favor abatement in this case. Indeed, numerous courts have found that abating unripe claims actually undermines judicial economy. *See Ironshore Indem., Inc. v. Banyon 1030-32, LLC*, No. 12-61678-CIV-COOKE, 2013 WL 4711155, at *8 (S.D. Fla. Aug. 30, 2014) ("[J]udicial economy favors the dismissal of these claims. Parties should not be encouraged to file claims that may never ripen. . . . This is a waste of the court's and the parties' resources."); *Witkin Design Group, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 16-20484-CIV-MORENO, 2016 WL 1572964, at *3 (S.D. Fla. Apr. 18, 2016) (dismissing premature negligence claim against insurance agent joined in underlying coverage action and reasoning that "public policy and judicial economy concerns actually favor dismissal instead of an abatement or stay."). And regardless of any benefit with regard to judicial economy, a federal court should not exercise subject matter jurisdiction over claims that are not ripe. *See Evedon v. USAA Casualty Insurance Co.*, No. 15-22139-CIV, 2016 WL 4083013 (S.D. Fla. Jan. 19, 2016) (dismissing unripe bad faith claim without prejudice, because "concerns [about administrative benefits] cannot override constitutional commands limiting the jurisdiction of federal courts."); *Garcia v. Scottsdale Insurance Co.* 2018 WL 3432702, at *3 (S.D. Fla. 2018) ("As this Court has found before, abating the bad faith claim, even if it may be in the interest of judicial economy, is not the proper route. Bringing a premature bad faith claim is contrary to the Federal Rules of Civil Procedure."). Accordingly, Plaintiffs' bad faith claim is **DISMISSED WITHOUT PREJUDICE.**

### B. Defendant's Motion to Strike is Denied.

Defendant next moves the Court to strike all bad faith allegations from the remaining breach of contract claim. Specifically, Defendant argues that one word in one sentence should be stricken from the complaint: "The Defendant had a duty to *promptly* investigate, adjust and issue payment for the Covered Loss. *See* (DE 9-3, Compl., ¶ 14); (DE 20, Reply in Support of Mot. Dismiss, at 5) ("Defendant requests the bad faith allegation contained in paragraph ¶14 of the Plaintiffs' Complaint be stricken."). The Court disagrees that the word "promptly" must be stricken from the complaint. At this stage, the Court finds the use of that word is consistent with a breach of a contract claim and is not an attempt to incorporate bad faith. In addition, this Court's dismissal of the bad faith claim makes clear that Plaintiffs are not entitled to pursue a bad faith claim until that claim has ripened.

## IV. CONCLUSION

Accordingly, Defendant's motion to dismiss (DE 13) is **GRANTED IN PART AND DENIED IN PART.** Count II for bad faith is **DISMISSED WITHOUT PREJUDICE.** Defendant's motion to strike is **DENIED.** Defendant must answer Plaintiffs' complaint within **fourteen** days of the date of this order.

**DONE AND ORDERED** in chambers in Miami, Florida, this ___ day of November, 2018.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

6