# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23576-Civ-WILLIAMS/TORRES

AM GRAND COURT LAKES LLC and
AM 280 SIERRA DRIVE LLC,

    Plaintiffs/Counter-Defendants,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.

_____/

## ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

The principle that governs the pending dispute is well established. As per Rule 37, "the use of even severe sanctions has a salutary deterrent effect on parties to other law suits and their counsel and that great army of yet unknowns who will for one reason or another have cases and counsel."[1] In this case, given the record of multiple violations of this Court's Rules and discovery orders, appropriate (but not draconian) sanctions are warranted to remedy manifest prejudice and to deter *these* parties and *these* counsel from future conduct.

The dispute arises under Rockhill Insurance Company's ("Defendant") motion for sanctions against AM Grand Court Lakes LLC and AM 280 Sierra Drive LLC ("Plaintiffs"). [D.E. 67]. Plaintiffs responded on May 3, 2019 [D.E. 74] to which

---

[1] *Marshall v. Segona,* 621 F.2d 763, 767 (5th Cir. 1980).

1

Defendant replied on May 9, 2019. [D.E. 77]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

## *I.   BACKGROUND*

Defendant's motion seeks sanctions against Plaintiffs pursuant to Federal Rule of Civil Procedure 37 for failing to comply with the Court's Discovery Order dated April 11, 2019. By that point, multiple discovery violations had already occurred. Defendant served Plaintiffs with its First set of Interrogatories and Request for Production on January 17, 2019. Plaintiffs' discovery responses were due on February 17, 2019. After several unsuccessful attempts by the Defendant to obtain responses to the initial discovery from Plaintiffs, a Discovery Hearing was scheduled for March 15, 2019, at 3:30 PM. About an hour before the scheduled Discovery Hearing, Plaintiffs filed a Motion for Extension of Time to Respond to Defendant's Discovery Requests and to have responses deemed timely filed [D.E. 54], relative to the initial discovery. At the Discovery Hearing on March 15, 2019 [D.E. 57], the Court granted Plaintiffs an extension of time and ordered Plaintiffs to furnish complete responses to Defendant's January 17, 2019 First Set of Interrogatories and First Requests for Production on or before March 20, 2019 [D.E. 64]. After business hours on the extended March 20, 2019 deadline, at 10:59PM, Plaintiffs filed a Motion to Compel Appraisal and Motion Stay, Abate, and/or Extend Court Ordered Deadlines Pending Appraisal or Adjudication of the Plaintiff's Demand for Appraisal. [D.E. 56].

To date, Plaintiffs have not provided any of the requested information in violation of the Court's April 1, 2019 Paperless Order [ D.E. 60] and the April 11, 2019 Discovery Order [D.E. 64] to furnish completed response to the First Set of Interrogatories and First Request for Production. On April 3, 2019 Defendant requested its Second Set of Interrogatories and Second Request for Production for Plaintiffs. It included the same set of five interrogatories from the first set. Defendant claims that Plaintiffs' complete failure to comply with the Court's Discovery Order and to serve responses is substantially inhibiting her ability to defend this matter, negotiate possible settlements, and may be prejudicial to Defendant's defense of the Complaint and prosecution of its Counterclaim for Declaratory Relief.  Defendant also argues that Plaintiffs' actions make it increasingly difficult to meet the Court's Scheduling deadlines, including the trial date set for August 5, 2019.  Therefore, Defendant requests the imposition of sanctions against Plaintiffs by striking their pleadings or dismissing their case.

In their response, Plaintiffs struggle to excuse their non-compliance with the Court's Discovery Order [D.E. 64] by arguing that missing these deadlines was a naturally expected outcome of their impromptu building sale on April 11, 2019 caused by Hurricane Irma. [D.E. 74]. They claim that because of the sale, many of the documents requested were still being developed over the course of time the order was pending. Additionally, Plaintiffs claim that they were under the sincere belief that the Court would grant their pending motion to compel appraisal or that Defendant would submit to appraisal by agreement.

On the other hand, Defendant argues that there was no indication she would agree to limit or stay discovery in this action [D.E. 67]. In fact, Defendant accuses Plaintiffs of misrepresenting the parties' electronic correspondence by excluding Defendant's response, sent five minutes later, clarifying Plaintiffs' message. [D.E. 63] Indeed, in Defendant's clarifying response to the electronic message, she takes no position on the Motion to Compel Appraisal and further explains that a decision will be made at a later date. [D.E. 67].

In any event, Plaintiffs ultimately ask the Court to consider that the transfer of ownership and partial assignment of the claim might naturally require a reasonable stay or abatement of this action of at least thirty (30) days. In addition, Plaintiffs ask that the current trial period and associated discovery deadlines be extended accordingly.

## II. ANALYSIS

Federal Rule of Civil Procedure 37(b)(2) grants the court broad authority in sanctioning a party for failure to comply with a court order to provide discovery, including dismissing an action with prejudice. Fed. R. Civ. P. 37(b)(2)(A). District courts have broad discretion to fashion appropriate sanctions for violations of discovery orders. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *Marshall,* 621 F.2d at 765 ("The bandwidth of the District Court's power to impose Rule 37 sanctions is broad indeed.").

A district court is not required to first impose lesser sanctions if the lesser sanctions would be ineffective. *Malautea,* 987 F.2d at 1544. Although the sanction of

4

dismissal is extreme, the district court has "discretion to dismiss a complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the court's discovery orders." *Hashemi v. Campaigner Publ'ns, Inc.*, 737 F.2d 1538, 1538 (11th Cir. 1984). Additionally, a party may demonstrate bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). The non-disclosing party must establish the failure to disclose was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

Based on a review of the record presented, we agree with the Defendant that Plaintiffs' conduct is unacceptable and that the discovery requests should have been provided long ago. The first discovery violation arose when Plaintiffs ignored the First Set of Interrogatories and the First Request for Production requested by the Defendant on January 17, 2019. That conduct violated Rules 33, 34 and 37.

Then, Plaintiffs failed to comply with the Court's extension of time and order to comply with the discovery request at the Discovery Hearing on March 15, 2019. Furthermore, Plaintiffs persisted to ignore the Court by refusing to comply with either the April 1, 2019 Paperless Order or the April 11, 2019 Discovery Order. Not even after the Second Set of Interrogatories, with the same five (5) questions, and Second Request for Production did the Plaintiffs respond.

Even as late as *today,* more than five months after the discovery requests and three (3) months past the Discovery Deadline of April 5, 2019, Plaintiffs continue to violate the Court's Rules and disregard the Court's Orders. And they have also

5

materially failed to meet their burden of establishing substantial justification. The building sale on April 11, 2019 is an insufficient excuse for the repeated disregard of the Court's discovery orders. Although some documentation may be difficult to produce for discovery, the sale occurred six (6) days after the Court's Discovery Deadline of April 5, 2019 and Plaintiffs failed to show any indication of a good faith effort to comply with any of the Court's Orders. Therefore, Defendant's motion for sanctions is merited because Plaintiffs have repeatedly failed to meet their discovery obligations.

Defendant requests that this Court impose sanctions by either striking Plaintiffs' pleadings or dismissing the case. This type of sanction should only be used as a last resort. Yet arbuably that sanction may be warranted as Plaintiffs have demonstrated a "perfect storm of discovery abuse." *SEC v. Michael Lauer*, No. 03-80612-Civ-MARRA/VITUNAC, 2006 U.S. Dist. LEXIS 65383, at *25 (S.D. Fla. Jan. 24, 2006) (holding that at trial the defendant will not be permitted to introduce any evidence not already disclosed to plaintiff because defendant ignored the court's order to compel production, provided incomplete interrogatory responses, disregarded the court's asset freeze, and missed a deposition). Failing to respond to two sets of interrogatories, ignoring two requests for production, disregarding three of the Court's Discovery Orders, receiving warning of possible sanctions for non-compliance at the Discovery Hearing, and making misrepresentations to the Court all combined warrant dismissal of Plaintiffs' case.

But taking heed of the Eleventh Circuit's guiding precedents, the Court finds that lesser, though significant, sanctions are possible in this case. To remedy the primary prejudice caused by these discovery violations, Plaintiffs will not be permitted to present at trial or at summary judgment any testimonial or documentary evidence that has not already been disclosed and produced to the Defendant. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (holding that striking of the answer and entry of default judgement against defendant was warranted when defendant missed two court ordered depositions and failed to respond to both interrogatories and requests for production); *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1370 (9th Cir. 1980) (holding that the sanction precluding the plaintiff from introducing evidence was within the district court's discretion because the plaintiff failed to comply with a court-ordered discovery order and request for production, was more than a month late of the extended deadline for interrogatory answers, and was warned of possible sanctions after several deadline extensions); *Local Access, LLC v. Peerless Network, Inc.,* 2017 WL 951651, at *2 (M.D. Fla. Mar. 10, 2017) ("While exclusion of evidence is one of the more severe types of sanctions, it may be warranted in cases where a party's failure to comply with [Rule 26] deprives the opposing party of any opportunity to test the evidence prior to trial.").

Accordingly, to introduce any such testimony or documentary evidence on summary judgment or at trial, Plaintiffs must affirmatively show that such evidence was produced to Defendant by the date of the filing of the motion for sanctions, to wit

April 19, 2019. The failure to meet that showing shall preclude Plaintiffs from relying on such evidence in opposition to a dispositive motion or at trial.

To this extent, Defendant's motion for sanctions is **GRANTED**. As for Defendant's request that Plaintiffs' pleadings be stricken or case be dismissed, Defendant's motion is **DENIED**.

### *III.   CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion for sanctions is **GRANTED in part** and **DENIED in part**. [D.E. 67].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of June, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge