IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:18-cv-23576-KMW

AM GRAND COURT LAKES LLC
& AM 280 SIERRA DRIVE LLC,

    Plaintiffs/Counter-Respondents,

vs.

ROCKHILL INSURANCE COMPANY,

    Defendant/Counter-Petitioner.

_____/

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REHEARING and/or RECONSIDERATION OF THE COURT'S JUNE 24, 2019 RULING REGARDING ITS *SUA SPONTE* STRIKING OF DEFENDANT'S AFFIRMATIVE DEFENSES

    Plaintiffs, AM GRAND COURT LAKES LLC. & AM 280 SIERRA DRIVE LLC., by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 59 and 60, hereby files its response in opposition to Defendant, ROCKHILL INSURANCE COMPANY'S, Motion for Rehearing and/or Reconsideration of the Court's June 24, 2019 Ruling Regarding its *Sua Sponte* Striking of Defendant's Affirmative Defenses, and in opposition thereto states as follows:

**Introduction:** Notwithstanding this Court's duly noticed show cause hearing, **[D.E. 103]** it is without refute that the Defendant never raised any issue of fact and law in opposition to this Court's findings that the Defendant disregarded this Court's orders requiring a substantive pre-trial stipulation in relation to the operative issue of fact and law that would be presented to the jury in defense of this action. **[D.E. 93, 97]** As such, and per binding precedent the issues of fact and law

1

now being presented have been waived and the instant motion is subject to being summarily denied accordingly. *Vila v. Padron,* No. 04-20520-CIV, 2005 WL 6104075 (M.D. Fla. March 31, 2005). This is especially so in light of the fact that the Defendant has not even proposed to this Court or undersigned counsel a revised pretrial stipulation that cures the well-reasoned basis for which this Court adjudication that the shotgun and nonspecific defenses were not subject to further consideration. In sum, a comprehensive review of the Defendant's corporate representative's testimony **[D.E. 63-2]** in conjunction with the Defendant's experts' disclosure reveal that the Defendant cannot draw correction and there is no good cause for the Defendant's complete disregard for this Court's repeated orders in relation to an orderly, efficient and equitable progression of this action. **[D.E. 93, 97]**

1. Serving to provide insurance for a 140 unit assisting living facility owned and operated by the Plaintiffs since November, 2019, on or about November 7, 2016, the Defendant issued an insurance policy (hereinafter "Policy") **[D.E. 9-3]** to the Plaintiffs that generally provided coverage for all losses and expenses that arise as a result of direct physical loss during the Policy period.

2. This type of Policy is commonly referred to as an "all-risk" insurance policy, which to establish coverage, simply requires the insured to evidence nothing more than the direct physical loss to property during the policy period that resulted in the losses and expenses being claimed. *Ceballo v. Citizens Prop Ins. Corp.*, 967 So. 2d 81 (Fla. 2007).

3. Thereafter, the burden rests on the Defendant to evidence in specific, substantive and competent evidentiary form, that the losses and expenses arising from the direct physical loss to property during the Policy period are in part or in whole not covered. *Id.*

4. With that said, the Defendant accepted coverage for the Hurricane Irma "Loss" pre-suit, but determined that the amount of damages resulting from the Loss fell below the Policies applicable deductible. **[D.E. 63-1]**

5. At a status conference held on June 13, 2019, this Court discussed the status of the parties' joint pre-trial stipulation and ordered that same be due on or before June 18, 2019. **[D.E. 93]**

6. The Plaintiffs made every attempt to comply with this Court's oral ruling by providing the Defendant with its portion of the pre-trial stipulation the same day as the status conference. **[D.E. 106]**

7. Thereafter, and due to the Defendant's failure to comply with this Court's order, the Plaintiff had no choice but to file a Motion for Extension of Time to File the Pre-Trial Stipulation **[D.E. 96]** and a Motion for Leave to File a Unilateral Pre-Trial Stipulation. **[D.E. 98]**

8. Plaintiffs' Motion for Leave was subsequently denied by this Court, **[D.E. 99]** but the Motion for Extension of Time was granted in part, which provided that the parties were to submit the Joint Pre-Trial Stipulation by 2 p.m. on June 20, 2019. **[D.E. 97]**

9. Despite Plaintiffs' numerous efforts to comply with the June 19, 2019 Order, which are more specifically detailed in Plaintiffs' Response to Order to Show Cause **[D.E. 106]**, the parties did not timely comply with the Court's Order. **[D.E. 97]**

10. As such, this Court issued a Paperless Order to Show Cause, which set a hearing on same to take place on June 24, 2019, and advised the parties that they must be prepared to show cause as to why sanctions, including dismissal of claims and monetary

penalties, should not be imposed for failure to comply with court orders and local rules. **[D.E. 103]**

11. The Court's Order put the parties on notice that sanctions, including dismissal of claims, would be considered at the hearing. *Id.*

12. It is also worth noting that the Defendant did not file any response to this Court's Order to Show Cause and should this Court allow, pursuant to Local Rule 7.7, the Plaintiffs can provide the Court a litany of correspondence evidencing that the failure to comply with the Court's Order **[D.E. 97]** was solely due to the actions and/or inactions of Defendant's counsel. **[D.E. 106]** As such, should the Court even consider entertaining the relief being sought in Defendant's Motion, the Plaintiffs ask the Court to allow said correspondence to be provided for its review and consideration.

13. At a hearing on the Court's Order to Show Cause, and in line with the Court's prior warning that sanctions would be considered, **[D.E. 103]** this Court struck all but one of the Defendant's affirmative defenses alluding to the fact that the Defendant had simply presented a series of shotgun and formulaic affirmative defenses, which lacked specificity and substance in relation to the pending litigation. **[D.E. 107, 108]**

14. The Defendant is now moving for rehearing and/or reconsideration of the Court's July 24, 2019 ruling simply because the Defendant does not agree with the Court's ruling, **[D.E. 109]**, pg. 9, which is not a legal basis pursuant to either Fed. R. Civ. P. 59 or 60.

15. Moreover, the Defendant attempts to somehow assert that it lacked notice that striking of the affirmative defenses may be a sanction entered at the Show Cause Hearing despite the Court's clear Order. *Id.* See also, **[D.E. 103]**

16. In addition, it appears that the Defendant attempts to argue that its affirmative defenses were somehow properly plead and applicable to the underlying litigation based upon the inspection of their retained "experts" **[D.E. 109, pgs. 2-4]** who never even inspected the interior of the property pre-suit and who, even post-suit and despite the Plaintiffs setting aside three (3) days to conduct a thorough inspection of the Property, failed to fully inspect the interior units of the subject property, spending only a few hours at the inspection. Importantly, there was no indication whatsoever that the Defendant had accounted for ensuing moisture damages by way of inspecting the individual units or performing any diagnostic test to assess latent moisture conditions below the failed roofing system. This fact was later verified by the deposition of the Defendant's corporate representative on January 16, 2019. **[D.E. 63-2, pgs. 12-16.]**

## **MEMORANDUM OF LAW**

Fed. R. Civ. P. 59 provides in pertinent part as follows:

(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
   (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
   (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Fed. R. Civ. P. 59.

In its Motion, the Defendant has raised no legal basis for relief under this Rule. **[D.E. 112]**

Fed. R. Civ. P. 60 provides for relief from a judgment or order in pertinent part as follows:

5

    (a) Corrections based on Clerical Mistakes; Oversights and Omissions. The Court may correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record…
    (b) Grounds for Relief from A final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
        (1) Mistake, inadvertence, surprise, or excusable neglect;
        (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule59(b);
        (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
        (4) The judgment is void;
        (5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
        (6) Any other reason that justifies relief.

Fed. R. Civ. P. 60.

Defendant has failed to identify how any of the criteria for relief as delineated by Fed. R. Civ. P. 60 applies to the matters at hand. *Id.* Moreover, Rule 60(a) does not permit F. 3d for the correction of the deliberate choice of the judge, even where that deliberate , choice is based on a mistake of law. *Joseph v. United States,* 2017 U.S. Dist. LEXIS 56073 (S.D. Fla. 2017); *Bowen Inv., Inc. v. Carniero Donuts, Inc.,* 490 F. 3d 27, 29 (1st Cir. 2007); *Kokomo Tube Co. v. Dayton Equip. Servs. Co.,* 123 F. 3d 616, 623 (7t Cir. 1997).

When determining whether a party is entitled to relief under Rule 60(b)(1), the court must conduct an equitable inquiry of the particular circumstances of the case. *Id.* The only argument being raised by the Defendant in its Motion that falls within the purview of Rule 60(b)(1), is surprise as the Defendant has raised no argument that the sanctions imposed for failure to comply with the Court's Orders related to the Pre-Trial Stipulation were due to any excusable neglect on the part of the Defendant or its counsel. **[D.E. 112]** However, the Defendant cannot maintain any allegation of surprise as the Court's Order to Show Cause clearly advised that party that sanctions, including striking of claims, would be

6

considered at the hearing. **[D.E. 103]** The truth of the matter is that the parties were unable to comply with the Court's Order **[D.E. 97]** solely due to the actions and/or inactions of the Defendant and/or their counsel and the Defendant is unable to demonstrate why the sanctions imposed were not warranted or justified under the circumstances.

    The only other subsection of Rule 60(b) for which the Defendant could even attempt to make a claim for the relief being sought is pursuant to subsection (6). However, in order to obtain relief under this subsection, the Defendant must demonstrate exceptional circumstances or a justification for relief so compelling that the Court would be required to grant the motion. *Rice v. For Motor Co.,* 88 F. 3d 914, 919 (11th Cir. 1996); *Joseph v. United States,* 2017 U.S. Dist. LEXIS 56073 (S.D. Fla. 2017). No such circumstances or justification have been raised in the Defendant's Motion. **[D.E. 112]** To the contrary, the Defendant merely asserts that it disagrees with the Court's ruling. *Id. at 9*. Disagreement with the Court's ruling is not a legal basis for rehearing or consideration under the Federal Rules of Civil Procedure or binding case law especially considering that the Defendant's Motion is based upon nothing more than unsupported generalizations. Moreover, newly discovered legal theories, especially those that could have been argued at the hearing on the Court's Order to Show Cause, do not constitute newly discovered evidence and do not support reconsideration under Rule 60. *Maradiaga v. United States,* 679 F. 3d 1286, 1294 (11th Cir. 2012) (holding that a district court does not abuse its discretion in denying a Rule 60(b) motion based on an argument that could have, but was not, previously raised, or when the order from which the movant seeks relief was entered as a result of the movant's choice to rely upon an unsuccessful legal theory).

Moreover, a court may award sanctions pursuant to its inherent power to police behavior that undermines the judiciary's ability to achieve the just, orderly and expeditious disposition of the case. *In re Engle Cases*, 283 F. Supp. 3d 1174 (M.D. Fla. 2017); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S. Ct. 2132, 115 L. Ed. 2d 27 (1991). This is true so long as the court provides notice of the possibility of the sanction, the reason sanctions are being contemplated and an opportunity to respond. *Id.* See also *Amlong & Amlong, P.A. v. Denny's Inc.,* 500 F.3d 1230, 1242 (11th Cir. 2007); *Thomas v. Tenneco Packaging, Co., Inc.,* 293 F. 3d 1306, 1321 (11th Cir. 2002) (a lawyer facing sanctions pursuant to a court's inherent authority must be provided with notice and an opportunity to respond either orally or in writing to the invocation of the sanctions and to justify his actions). Here, not only did the Court provide notice to the Defendant that sanctions were being contemplated for the parties' failure to comply with the Court's Order and Local Rules which would be determined at the July 24, 2019 hearing, **[D.E. 103]** the Defendant chose not to respond in writing to the Court's notice nor did the Defendant raise any arguments at the hearing that would have precluded the sanctions being imposed by the Court.

A court may award sanctions pursuant to its inherent power to police behavior that undermines the judiciary's ability to achieve the just, orderly and expeditious disposition of the case. *In re Engle Cases*, 283 F. Supp. 3d 1174 (M.D. Fla. 2017); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S. Ct. 2132, 115 L. Ed. 2d 27 (1991).

The Defendant argues that its affirmative defenses were not subject to being stricken because the Plaintiffs have never moved to strike same. **[D.E. 112]** However, the Court's inherent power to impose sanctions can be invoked even if procedural rules exist

8

which sanction the same conduct as the rules are not substitutes of the court's inherent power. *Id.* "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F. 3d 1212, 1214 (11th Cir. 1998). A finding of bad faith is warranted when a party knowingly or recklessly raises a frivolous argument, argues a meritorious claim for the purpose of harassing an opposing party, delaying or disrupting the litigation, or hampering enforcement of a court order. *Id.* In the instant matter, the Defendant has just done that in raising "a virtual smorgasbord" of policy language in its affirmative defenses merely citing policy language without giving "even a slight indication of how the affirmative defense is germane to these facts" and this case. **[D.E. 110, pg. 13]** Additionally, the Defendant has offered this Court no reasonable basis for which the Court's orders regarding the pre-trial stipulation were not complied with, a fact that given the opportunity by this Court to provide correspondence between counsel, the Plaintiffs can unequivocally establish was due to the actions and/or inactions of Defendant's counsel, warranting the sanctions imposed, as even absent direct evidence of bad faith, the standard can also be met if an attorney's conduct is "tantamount to bad faith" in that the conduct is so egregious that it could only be committed in bad faith. *Purchasing Power, LLC. v. Bluestem Brands, Inc.,* 851 F. 3d 1218, 1224-25 (11th Cir. 2017).

**V. CONCLUSION**

Based on the foregoing, the record is clear that the Defendant failed to demonstrate any showing that it is entitled to relief pursuant to Fed. R. Civ. P. 59 or 60. Moreover, pursuant to this Court's inherent authority the striking of the Defendant's affirmative defenses was proper and as such, the Plaintiffs respectfully request that this Court deny the Defendant's Motion for Rehearing and/or Reconsideration of the July 24, 2019 ruling striking the affirmative defenses. In an

abundance of caution, and should the Court consider granting the Defendant's Motion, pursuant to Local Rule 7.7, the Plaintiffs respectfully request leave to provide this Court with an abundance of communications between counsel for the parties demonstrating that the failure to comply with the Court orders related to the Joint Pre-trial Stipulation was due to the actions and/or inactions of Defendant's counsel.

**WHEREFORE,** Plaintiffs, AM GRAND COURT LAKES LLC. & AM 280 SIERRA DRIVE LLC., respectfully requests this Honorable Court to enter an Order denying Defendant's Motion for Rehearing and/or Reconsideration of the Court's July 24, 2019 ruling striking affirmative defenses and any other relief this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ _____
Jose P. Font, Esq.
Florida Bar No.: 0738719
jfont@fontnelson.com
Jaime Martin, Esq.
Florida Bar No.: 110616
JMartin@fontnelson.com
Sonya Randolph, Esq.
Florida Bar No.: 1007710
FONT & NELSON, PLLC
200 S Andrews Avenue, #501
Fort Lauderdale, FL 33301
Attorneys for Plaintiffs

<u>SERVICE LIST</u>

Lauren D. Levy, Esq.
lauren@levylawgroup.com
Levy Law Group
3399 Ponce De Leon Boulevard
Suite 202
Coral Gables, FL 33134
Telephone: (305) 444-1500
Facsimile: (305) 503-9295
Attorney for Defendant

Paula Levy, Esq.
paula@levylawgroup.com
Levy Law Group
3399 Ponce De Leon Boulevard
Suite 202
Coral Gables, FL 33134
Telephone: (305) 444-1500
Facsimile: (305) 503-9295
Attorney for Defendant

Michael S. Metta, Esq.
Levy Law Group
3399 Ponce De Leon Boulevard
Suite 202
Coral Gables, FL 33134
Telephone: (305) 444-1500
Facsimile: (305) 503-9295
Attorney for Defendant