UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.1:18-cv-23576-KMW

AM GRAND COURT LAKES LLC
& AM 280 SIERRA DRIVE LLC,

    Plaintiffs/Counter-Defendants,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.
_____/

**DEFENDANT/COUNTER-PLAINTIFF'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR REHEARING AND/OR RECONSIDERATION OF THE COURT'S JUNE 24, 2019 RULING REGARDING ITS *SUA SPONTE* STRIKING OF DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant/Counter-Plaintiff, ROCKHILL INSURANCE COMPANY ("Defendant" or "Rockhill"), by and through its undersigned counsel and pursuant to Local Rule 7.1(c), files its Reply to Plaintiffs'/Counter-Defendants' Response in Opposition **[D.E. #117]** to Defendant's Motion for Rehearing and/or Reconsideration of the Court's June 24, 2019 *Sua Sponte* Ruling Striking Defendant's Affirmative Defenses **[D.E. #112]**, stating as follows:

### I.    INTRODUCTION

As the Court is aware, the instant lawsuit arises out of an alleged September 10, 2017 Hurricane Irma loss and damages to certain real property located at 280 Sierra Drive, North Miami, Florida 33179, which the Plaintiffs, AM GRAND COURT LAKES LLC and AM 280 SIERRA DRIVE LLC. (the "Plaintiffs") contend are covered under an insurance policy they entered into with Defendant, Policy Number RCPPRU000002 (the "Policy").

On June 21, 2019, the Court issued an Order to Show Cause as to why sanctions should not be imposed for the parties' failure to comply with Court Orders and the Local Rules, requiring the attendance of the parties' counsel to appear on June 24, 2019 for a Show Cause Hearing. **[D.E. #103]**.

At the June 24, 2019 Show Cause Hearing, the Court ruled, *sua sponte*, that all of Rockhill's affirmative defenses, with the exception of the pre-existing damages defense, were stricken, without any indication of giving Defendant an opportunity to amend, because there was "no slight indication of an affirmative defense being germane to the policy" and "were not pled properly", citing *to Meridian of Palm Beach Condominium Association, Inc. v. QBE Insurance Corp.*, 2007 WL 1364334 (S.D. Fla. 2007) as authority to do so. *See* **[*D.E. #107 and D.E. #110*]**. As previously argued, Plaintiffs never filed or sought to strike any of Rockhill's Affirmative Defenses or its Counterclaim.

Consequently, on July 11, 2019, Defendant filed its Motion for Rehearing and/or Reconsideration of the Court's June 24, 2019 *Sua Sponte* Ruling Striking Defendant's Affirmative Defenses ("Defendant's Motion for Rehearing and/or Reconsideration"). **[D.E. #112]**. Thereafter, on July 25, 2019, Plaintiffs filed their Response in Opposition to Defendant's Motion for Rehearing and/or Reconsideration ("Response) **[D.E. #117]**.

For reasons more particularly set forth herein, Plaintiffs' Response is without merit and the Court should grant Defendant's Motion for Rehearing and/or Reconsideration or alternatively grant leave for Rockhill to amend its Affirmative Defenses.

**II.    ARGUMENT**

**A.     Rehearing and/or Reconsideration is Warranted Under Both Rule 59, and Fed.R.Civ.P. Rule 60, Fed.R.Civ.P.**

In their Response, Plaintiffs assert:

The Defendant is now moving for rehearing and/or reconsideration of the Court's July 24, 2019 ruling simply because the Defendant does not agree with the Court's ruling, [D.E. 109], pg. 9, which is not a legal basis pursuant to either Fed. R. Civ. P. 59 or 60.

See *[D.E. #117]*, pg. 4.

Contrary to Plaintiffs' assertion, Defendant has moved for rehearing and/or reconsideration, seeking relief from this Court's *sua sponte* ruling striking its affirmative defenses, to prevent manifest injustice resulting from the Court's erroneous application of law to the facts of this case, resulting in the Court's prejudicial imposition of an unduly strict sanction upon Defendant, without first considering a lesser sanction. See *[D.E. #112]*, pg. 7.

This type of relief is specifically available under Federal Rule of Civil Procedure 59, where the movant demonstrates "the need to correct clear error or prevent manifest injustice." *Lawson v. Singletary*, 85 F.3d 502 (11th Cir. 1996)(district court abused its discretion in not granting the motion to alter or amend a judgment); *United States v. Persaud*, 235 F.R.D. 696, 701-02 (M.D. Fla. 2005)(granting Rule 59(e) motion to avoid manifest inequality); *Sussman v. Salem, Saxon, & Nielson*, 153 F.R.D. 689, 694-95 (M.D. Fla. 1994); *Offices Togolais Pes Phophates v. Mulberry Phosphates*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999).

In addition, Federal Rule of Civil Procedure 60 invests in the Court a broad power to relieve a party or a party's legal representative from a final judgment, order, or proceeding by virtue of, among other reasons, mistake or any other reason justifying

relief from the operation of the judgment, and such mistakes include mistakes of fact as well as mistakes of law. *Nisson v. Lundy,* 975 F.2d 802, 806 (11th Cir.1992)("where a district court's mistake was 'clear on the record' and involved... an erroneous application of that law to the facts, 'compelling policies of basic fairness and equity reflected by [Rule] 60(b)' may mandate amendment to 'conform its judgment to the law'"). Whichever of Rule 60(b)'s reasons support a motion for relief from judgment, the rule is to be given a liberal and remedial construction. 975 F.2d at 807. S*ee also Damiano v. Fed. Deposit Ins. Corp.,* 104 F.3d 328, 332 (11th Cir. 1997); *Cavaliere v. Allstate Ins. Co.,* 996 F.2d 1111, 1115 (11th Cir. 1993); *Lender v. Unum Life Ins. Co. of America, Inc.,* 519 F. Supp.2d 1217, 1232 (M.D. Fla. 2007)(recognizing the catch-all provision under Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case"); *U.S. v. Persaud,* 235 F.R.D. 696, 701 (M.D. Fla. 2005).

### B. The Subject Rulings Do Not Cite to any Failure to Comply With Court Orders or Bad Faith on the Part of Defendant, as the Plaintiffs Suggest to this Court

In their Response, Plaintiffs argue that the Court was justified in its utilizing its inherent powers to strike Rockhill's defenses, stating as follows:

> …..the Court provide[d] notice to the Defendant that sanctions were being contemplated for the parties' failure to comply with the Court's Order and Local Rules which would be determined at the July 24, 2019 hearing…..*See **[D.E. #117]**, pg. 8*.
>
> "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F. 3d 1212, 1214 (11th Cir. 1998). A finding of bad faith is warranted when a party knowingly or recklessly raises a frivolous argument, argues a meritorious claim for the purpose of harassing an opposing party, delaying or disrupting the litigation, or hampering enforcement of a court order. Id. *See **[D.E. #117]**, pg. 9*.

However, the Court did not cite to a failure comply with Court Orders or bad faith on the part of Rockhill as the basis for striking its affirmative defenses. Rather, the Court struck Rockhill's defenses based on its "cut-and-pasted" citation of policy provisions, despite the fact that, as argued in Defendant's Motion for Rehearing and/or Reconsideration, this practice is permitted and provides proper notice of its defenses to Plaintiffs and the Court, pursuant to the Federal Rules of Civil Procedure. *See **[D.E. #112]**, pg. 10, 11. See also Sun Capital Partners*, 2017 WL 10402415 at *9 (S.D. Fla. 2017); *Island Shores Condo. Assoc., Inc. v. Great American Ins. Co. of New York*, 2015 WL 12781320 (S.D. Fla. 2015); *Palms of Pembroke Condo. Assoc., Inc. v. Glencoe Ins., Ltd.*, 2014 WL 11706422 at *2 (S.D. Fla. 2014); *Oriole Gardens Condominium Ass'n I v. Aspen Spec. Ins. Co.*, 2012 WL 864629, at *2 (S.D. Fla. 2012); *Meridian of Palm Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, WL 1364334 (S.D. Fla. 2007). This argument, advanced by Defendant in the Motion for Rehearing and/or Reconsideration, **was not controverted by Plaintiffs in their Response** [**emphasis** supplied].

### C. Striking Pleadings as a Sanction is an Extraordinary and Improper Punishment, Appropriate Only as a Last Resort

The Court's ruling at issue in Defendant's Motion for Rehearing and/or Reconsideration constitutes extraordinary and improper relief. The striking of defenses is disfavored and should be granted only if it appears that the defendant cannot succeed under any set of facts which it could prove. *Badesch v. Aetna Health, Inc.*, 2008 WL 2856599, at *1 (S.D. Fla. 2008). "Courts should not strike affirmative defenses 'when there are substantial and disputed questions of law and the plaintiff would not suffer prejudice as a result.'" *CI Intern. Fuels, LTDA v. Helm Bank, S.A.*, 2010 WL 3056598, at *3 (S.D. Fla. 2010)(quoting *Augustus v. Bd. Of Pub. Instr. of Escambia*

*Cnty.*, 306 F. 2d 862, 868 (5th Cir. 1962)). A court should not exercise its discretion to strike a pleading unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action. *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Information Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010); *Fireman's Fund Ins. Co. v. Gulf Ins. Co.*, 2005 WL 1863383 (M.D. Fla. 2005). S*ee also, Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). As the Court noted in *CI Intern. Fuels,* affirmative defenses should not be stricken where, as in the instant case, "there are substantial and disputed questions of law and the plaintiff would not suffer prejudice as a result." 2010 WL 3056598, at *3. The striking of a party's defenses is a sanction is a heavy punishment, appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009); *In re Sunshine Jr. Stores*, 456 F.3d 1291, 1305-06 (11th Cir. 2006).

### III.    CONCLUSION

In light of the foregoing, Rockhill moves this Court to have a rehearing and/or reconsider and reverse or vacate its June 24, 2019 ruling striking its affirmative defenses, given the additional authority provided in Defendant's Motion and prejudice suffered by Rockhill. Further, although the Court did not verbally strike Rockhill's affirmative defenses with prejudice, the Court's instruction implies that such a ruling was so and as such Rockhill, in the alternative, moves this Court for leave to amend its affirmative defenses to include facts to the extent necessary.

Case No.1:18-cv-23576-KMW

WHEREFORE, Defendant/Counter-Plaintiff, ROCKHILL INSURANCE COMPANY, respectfully requests that the Court enter an Order granting its Motion for Rehearing and/or Reconsideration or alternatively granting leave for Rockhill to amend its Affirmative Defenses, as well as such further relief that it deems just and proper under the circumstances.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **July 30, 2019**, the undersigned electronically filed the foregoing document with the clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day to: Font & Nelson, PLLC, 200 S. Andrews Avenue, Suite 501, Fort Lauderdale, Florida 33301 (jfont@fontnelson.com; afriedman@fontnelson.com; bfischer@fontnelson.com; fnelson@fontnelson.com; gvega@fontnelson.com; jproffitt@fontnelson.com; jwilds@fontnelson.com; nkronen@fontnelson.com; pleadings@fontnelson.com); either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

**LEVY LAW GROUP**

/s/Lauren D. Levy
LAUREN D. LEVY, ESQ.
Florida Bar No.: 0116490
PAULA LEVY PARKES, ESQ.
Florida Bar No.: 0117031
3399 Ponce de Leon Boulevard, Suite 202
Coral Gables, Florida 33134
Telephone: (305) 444-1500
Facsimile: (305) 503-9295
*Attorney for Defendant/Counter-Plaintiff*