UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.1:18-cv-23576-KMW

AM GRAND COURT LAKES LLC
& AM 280 SIERRA DRIVE LLC,

    Plaintiffs/Counter-Defendants,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.
_____/

## DEFENDANT/COUNTER-PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant/Counter-Plaintiff, Rockhill Insurance Company ("Rockhill" or "Defendant"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 50, files this Motion for Judgment as a Matter of Law. In support thereof, Rockhill states:

At trial during the Plaintiffs' case-in-chief, Rockhill exposed the unreliability and complete absence of generally accepted methodology employed by Plaintiffs' "experts" who supported Plaintiffs' claim for damages. The opinions of these "experts" are based on inadequate independent data, insufficient data and, overwhelmingly on the unquestioned acceptance of the representations of Plaintiffs' representatives pre-suit. Plaintiffs have failed to present a legally sufficient evidentiary basis to find in their favor on a breach of contract claim. Further, Plaintiffs have not presented any legally sufficient evidentiary basis to find in their favor on their breach of contract clam. Likewise, the

Plaintiffs failed to present reliable evidence on the <u>amount of damages</u>, an element required to support the entry of judgment as a matter of law against Rockhill.

Plaintiffs have failed to prove that the alleged damages are covered under the insurance policy nor have they proven that their damages are at least greater than the deductible.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 50(a) governs judgments as a matter of law, and provides as follows:

> (1) *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
> (2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

When ruling upon a motion for judgment as a matter of law, District Courts are to "consider whether such sufficient conflicts exist in the evidence to necessitate submitting the matter to the jury or whether the evidence is so weighted in favor of one side that one party must prevail as a matter of law." *Thosteson v. United States*, 331 F.3d 1294, 1298 (11th Cir. 2003) (citing *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1244 (11th Cir. 1999) (*en banc*); *see also*, *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997). If the facts and inferences point overwhelmingly in favor of one party, such that

reasonable people could not arrive at a contrary verdict, then a motion for judgment as a matter of law is properly granted. *Id.*

The Eleventh Circuit has instructed that the proper analysis under Rule 50(a) " 'is squarely and narrowly focused on the sufficiency of evidence,' that is, whether the evidence is 'legally sufficient to find for the party on that issue.' " *Chmielewski v. City of St. Pete Beach*, 890 F.3d 942, 948 (11th Cir. 2018) (quoting *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007)).

"Judgment as a matter of law for a defendant is appropriate, when there is insufficient evidence to prove an element of the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim." *Cadle v. GEICO Gen. Ins. Co.*, 838 F.3d 1113, 1121 (11th Cir. 2016). The motion should be granted when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1242 (11th Cir. 2010).

In a breach of insurance contract case, judgment as a matter of law is proper where the insured fails to present a legally sufficient evidentiary basis to find in his favor on the breach of contract claim. *Schmidt v. Allstate Insurance Company*, 2008 WL 3287133 (D. Hawaii 2008). Likewise, the failure to present reliable evidence on the amount of damages can support entry of judgment as a matter of law against a party. *Id*. Hence, an unsubstantiated estimate on the value of damages constitutes grounds for entry of a directed verdict against a party. *Id*.

It is well-settled than an insured must prove not only that its alleged damages are covered, but also that its damages are at least greater than the deductible. *Fitzpatrick v.*

*Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *Appalachian Ins. Co. v. United Postal Savings Association*, 422 So. 2d 332 (Fla. 3d DCA 1982)(insured must prove that it satisfies deductible of policy of insurance in order to recover damages).

In the instance case, Plaintiffs/Counter-Defendants, AM GRAND COURT LAKES LLC & AM 280 SIERRA DRIVE LLC ("Plaintiffs") must establish not only that it incurred damages which were covered under the Policy, but also that such damages are in excess of the Policy's deductible.

In the case at bar, Plaintiffs' evidence did not rise to the level which would necessitate submitting the matter to the jury.  Conversely, the evidence is so weighted in favor of Defendant, that Defendant must prevail as a matter of law. The facts and inferences point overwhelmingly in favor of Defendant, such that reasonable people could not arrive at a verdict in favor of Plaintiffs, and a motion for judgment as a matter of law is therefore warranted.  Plaintiffs have failed to present reliable evidence on the amount of damages presented and have shown no legally sufficient evidentiary basis for a reasonable jury to find for them on any material element of their cause of action.  Plaintiffs' unsubstantiated estimate on the value of damages constitutes grounds for entry of a directed verdict against them.

WHEREFORE, Defendant/Counter-Plaintiff, Rockhill Insurance Company, respectfully requests that the Court: (a) grant its Motion for Judgment as a Matter of Law and enter Judgment in its favor and against Plaintiffs/Counter Defendants, AM GRAND COURT LAKES LLC & AM 280 SIERRA DRIVE LLC and provide such further relief deemed just and appropriate under the circumstances.

CASE NO. 1:18-cv-23576-KMW

## CERTIFICATE OF SERVICE

I hereby certify that on **November 20th, 2019**, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via email this day to: Font & Nelson, PLLC, 200 S. Andrews Avenue, Suite 501, Fort Lauderdale, Florida 33301 (jfont@fontnelson.com; afriedman@fontnelson.com; bfischer@fontnelson.com; fnelson@fontnelson.com; gvega@fontnelson.com; jproffitt@fontnelson.com; jwilds@fontnelson.com; nkronen@fontnelson.com; pleadings@fontnelson.com)**;** either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

.

**LEVY LAW GROUP**

 /s/Lauren D. Levy, Esq.
LAUREN D. LEVY, ESQ.
Florida Bar No.:  0116490
lauren@levylawgroup.com
3399 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Telephone:   (305) 444-1500
Facsimile:    (305) 503-9295
*Attorneys for Defendant/Counter-Plaintiff, Rockhill Insurance Company*