UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-23576-CIV-WILLIAMS

AM GRAND COURT LAKES, LLC, *et al.*,

     Plaintiffs,

v.

ROCKHILL INSURANCE COMPANY,

     Defendant.

_____/

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company. AM Grand Court Lakes LLC, AM 280 Sierra Drive LLC and Rockhill Insurance Company are all corporations.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

In this case it is the responsibility of AM Grand Court Lakes and AM 280 Sierra Drive to prove every essential part of their claim by the greater weight of the evidence. Similarly, it is the responsibility of Rockhill Insurance to prove every essential part of its affirmative defenses by the greater weight of the evidence. This is sometimes called the "burden of proof" or the "burden of persuasion."

The "greater weight of the evidence" simply means an amount of evidence that is enough to persuade you that a claim is more likely true than not true.

In deciding whether any fact has been proved by the greater weight of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

You should assume that the parties intended the disputed term(s) in their contract to have their plain and ordinary meaning, unless you decide that the parties intended the disputed term(s) to have another meaning.

In deciding what the disputed term(s) of the contract mean, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

AM Grand Court Lakes, AM 280 Sierra Drive and Rockhill Insurance agree that they entered into a commercial property insurance policy. The policy is a contract.

AM Grand and AM 280 claim that Rockhill Insurance breached this contract by failing to pay the amount that AM Grand and AM 280 claim was owed for damages to their property caused by Hurricane Irma in September 2017 and that Rockhill Insurance's breach resulted in damage to AM Grand and AM 280.

Rockhill Insurance denies that it was required by the insurance policy to pay any damages to AM Grand and AM 280. Rockhill Insurance also claims that the following affirmative defenses, which Rockhill Insurance must prove by the greater weight of the evidence, either preclude any recovery or reduce the damages to which AM Grand and AM 280 might otherwise be entitled. The affirmative defenses asserted by Rockhill Insurance are:

(1) Duties of the Named Insured in the Event of Loss or Damage;
(2) Pre-Existing Damage;
(3) Wear and Tear, Rust or Corrosion Damage;
(4) Wind-Driven Rain Endorsement;
(5) Seepage or Leakage of Water;
(6) Faulty, Inadequate or Defective Maintenance; and
(7) Roof Covering Conditional Valuation.

To recover damages from Rockhill Insurance for breach of contract, AM Grand and AM 280 must prove the following:

1.      AM Grand, AM 280, and Rockhill Insurance entered into a contract. AM Grand, AM 280, and Rockhill have stipulated or agreed that the insurance policy entered into by Rockhill, AM Grand, and AM 280 satisfies this requirement;

2.      That AM Grand and AM 280 did all of the essential things the Policy required; and

3.      Rockhill Insurance breached the contract by failing to pay the amounts of money to which AM Grand and AM 280 were due under the Policy on their claim for insurance benefits.

In this case, Rockhill asserts affirmative defenses. It is the responsibility of Rockhill to prove every essential part of its affirmative defenses by the greater weight of the evidence. Rockhill Insurance has the burden of proof or burden of persuasion on its affirmative defenses.

I caution you that Rockhill Insurance does not have to disprove AM Grand and AM 280's claim, but, since it presents affirmative defenses, the only way Rockhill can prevail on any specific defense, is if Rockhill proves the defense by the greater weight of the evidence.

Certain of Rockhill Insurance's defenses pertain to the Policy's exclusions or limitations. Proof of these affirmative defenses does not mean that AM Grand and AM 280 cannot recover any damages under the Policy. Instead, it means that any damages proven by Rockhill Insurance to have been caused by, resulting from or contributed to by the Policy's exclusions or limitations, must be excluded from coverage. In other words, these amounts proven by Rockhill Insurance should be subtracted from the amount of damages that AM Grand and AM 280 have otherwise established or in certain instances limited.

One affirmative defense asserted by Rockhill to AM Grand and AM 280's claim pertains to the Policy's Duties Of The Named Insured In The Event Of Loss Or Damage condition.

Even if AM Grand and AM 280 prove their claim by the greater weight of the evidence, Rockhill Insurance can prevail if Rockhill proves, by the greater weight of the evidence that:

- Rockhill reasonably requested and AM Grand and AM 280 denied Rockhill's reasonable requests to inspect the property and/or records proving the loss or damage;

- AM Grand and AM 280 failed to provide reasonable cooperation to Rockhill in Rockhill's investigation of the claim and this failure defeated Rockhill's obligation and ability to independently adjust the claim;

- AM Grand and AM 280 failed to take all reasonable steps to protect the Covered Property from further damage and keep a record of the expenses necessary to protect the Covered Property, for consideration in the settlement of the claim;

- That as a result of AM Grand and AM 280's lack of compliance, Rockhill was substantially and materially prejudiced in its ability to ascertain coverage for the damages.

A second affirmative defense asserted by Rockhill to AM Grand and AM 280's claim pertains to damages sustained by AM Grand and AM 280's property that were a result of pre-existing damages.

Even if AM Grand and AM 280 prove their claim by the greater weight of the evidence, Rockhill Insurance can prevail if Rockhill proves, by the greater weight of the evidence that:

(1)     The damages which AM Grand and AM 280 claim already existed at the time of loss such that the damage was not caused by Hurricane Irma; and

(2)     The dollar amount of such pre-existing damage.

A third affirmative defense asserted by Rockhill to AM Grand and AM 280's claim

pertains to the Policy's Exclusions:

The Policy provides that:

**We will not pay for loss or damage caused by or resulting from any of the following:**

- **Wear and Tear;**
- **Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage itself; or**
- **Settling, cracking, shrinking or expansion.**

Even if AM Grand and AM 280 prove their claim by the greater weight of the

evidence, Rockhill can prevail if Rockhill proves, by the greater weight of the evidence

that:

(1)     The damages which AM Grand and AM 280 claim were caused by or

resulting from those just read to you.

(2)     The dollar amount of such damages.

A fourth affirmative defense asserted by Rockhill to AM Grand and AM 280's claim pertains to the Policy's Wind-Driven Rain Endorsement limitation:

The policy between Rockhill Insurance, AM Grand, and AM 280 contains the following provision:

**No coverage is provided due to the entry of rain…which passes through open doors, open windows, broken doors or windows which have not been repaired, or through pre-existing damaged or deteriorated building components which have not been repaired.**

Even if AM Grand and AM 280 prove their claim by the greater weight of the evidence, Rockhill can prevail if Rockhill proves, by the greater weight of the evidence that:

(1)    The damages which AM Grand and AM 280 seek are due to the entry of rain which passes through open doors, open windows, broken doors or windows which have not been repaired, or through pre-existing damages or deteriorated building components which have not been repaired prior to the loss.

(2)    The dollar amount of such damages.

A fifth affirmative defense asserted by Rockhill to AM Grand and AM 280's claim pertains to the Policy's Seepage or Leakage of Water exclusion:

The Policy provides that:

**We will not pay for loss or damage caused by or resulting from any of the following:**

**Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.**

Even if Plaintiffs prove their claim by the greater weight of the evidence, Rockhill can prevail if Rockhill proves, by the greater weight of the evidence that:

(1)     The damages which AM Grand and AM 280 claim were caused by or resulting from the continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

(2)     The dollar amount of such damages.

A sixth affirmative defense asserted by Rockhill to AM Grand and AM 280's claim

pertains to the Policy's Faulty, Inadequate or Defective Maintenance exclusion:

The Policy provides that:

**We will not pay for loss or damage caused by or resulting from any of the following:**

**Faulty, inadequate or defective:**

**Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance; of part or all of any property on or off the described premises.**

Even if AM Grand and AM 280 prove their claim by the greater weight of the

evidence, Rockhill can prevail if Rockhill proves, by the greater weight of the evidence

that:

(1)     The damages which AM Grand and AM 280 claim were caused by or

resulting from faulty, inadequate or defective maintenance, design, workmanship or

repair.

(2)     The dollar amount of such damages.

A seventh affirmative defense asserted by Rockhill to AM Grand and AM 280's claim pertains to the Policy's Roof Covering Conditional Valuation:

**ROOF COVERING CONDITIONAL VALUATION**

**The valuation of "Roof Covering" shall be on an actual cash value for all insured buildings which meet the following conditional characteristics:**

**Fire Resistive or Masonry Non-Combustible construction which is older than 20 years at the effective date of this policy, unless the "roof covering" has been replaced in the last 20 years.**

**"Roof Covering", which shall be defined as, but not limited to, waterproofing materials, felts, tar, gravel, shingles of any type, metal sheet roofing, tile, slate, or fiberglass materials, but does not include structural supports or joists, or structural decking consisting of metal, concrete, or any wood product.**

Even if AM Grand and AM 280 prove their claim by the greater weight of the evidence, Rockhill can prevail if Rockhill proves, by the greater weight of the evidence that any recovery by AM Grand and AM 280 for any damages being claimed to the roofs would be limited to an Actual Cash Value – not Replacement Cost Value.

In sum, if you find that AM Grand and AM 280 have not met their burden of proving their claim, then your verdict is for Rockhill Insurance and you need not consider Rockhill's affirmative defenses. If, however, you find that AM Grand and AM 280 have proven their case by the greater weight of the evidence you must next consider the affirmative defenses asserted by Rockhill Insurance. If you find that AM Grand and AM 280 have proven their claim and that Rockhill has not proven its affirmative defenses to defeat AM Grand and AM 280's claim, your verdict is for AM Grand and AM 280 and against Rockhill Insurance.

If your verdict is for AM Grand and AM 280, you must also consider the matter of damages. You should award AM Grand and AM 280 an amount of money that the greater weight of the evidence shows will fairly and adequately compensate AM Grand and AM 280 for their damages. Compensatory damages is that amount of money which will put AM Grand and AM 280 in as good a position as they would have been if Rockhill had not breached the insurance policy and which naturally result from the breach.

Of course, the fact that I have given you instructions concerning the issue of AM Grand and AM 280's damages should not be interpreted in any way as an indication that I believe that the AM Grand and AM 280 should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.