UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.1:18-cv-23576-KMW

AM GRAND COURT LAKES LLC
& AM 280 SIERRA DRIVE LLC,

    Plaintiffs/Counter-Defendants,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.

_____/

**SUPPLEMENTARY BRIEF IN SUPPORT OF DEFENDANT'S
MOTIONS FOR JUDGMENT AS A MATTER OF LAW**

Defendant/Counter-Plaintiff, Rockhill Insurance Company ("Rockhill" or "Defendant"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 50 and this Court's November 25, 2019 Order, files this Supplementary Brief in Support of its Motions for Judgment as a Matter of Law. In furtherance thereof, Rockhill states:[1]

At the close of Plaintiffs' case-in-chief, and again at the close of all evidence prior to submission of the case to the jury for deliberations, Defendant moved for entry of judgment as a matter of law on all claims, and the Court reserved ruling on the motions pending return of the jury's verdict. The jury ultimately returned a verdict in favor of the Plaintiffs. After the verdict was published and the jury was dismissed the Court advised that it was still taking Defendant's motions under advisement and then issued an Order

---

[1] In the event the Court would like Defendant to supplement this brief with details of testimony it will do so.

requiring the Parties to file supplementation, if any, to pending motions for judgment as a matter of law.  **[D.E. #198]**.

This supplementary brief supports Defendant's arguments made to the Court both by motion filed with the Court **[D.E. #186]** and orally that the application of Rule 50 mandates judgment as a matter of law in its favor because Plaintiffs failed to satisfy its burden of proof as they did not prove every essential part of their claim by the greater weight of the evidence, to wit: that Defendant breached the insurance contract and as a result Plaintiffs suffered damages.

## MEMORANDUM OF LAW

### I.   LEGAL STANDARDS

In ruling on a Motion for Judgment as a Matter of Law or a Renewed Motion for Judgment as a Matter of Law, the court must consider all of the evidence in the light most favorable to the non-moving party, and independently determine whether the facts and inferences point so overwhelmingly in favor of the movant that reasonable persons could not arrive at a contrary verdict, in which case the motion is properly granted. *Millette v. Tarnove,* 435 Fed. Appx. 848 (11th Cir. 2011)(citing *Web-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1029 (11th Cir. 2008)).

The Eleventh Circuit has instructed that the proper analysis under Rule 50 'is squarely and narrowly focused on the sufficiency of evidence,' that is, whether the evidence is 'legally sufficient to find for the party on that issue.' *Chmielewski v. City of St. Pete Beach*, 890 F.3d 942, 948 (11th Cir. 2018)(quoting *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007)).  "Judgment as a matter of law for a defendant is appropriate, when there is insufficient evidence to prove <u>an element of the claim</u>, which

means that no jury reasonably could have reached a verdict for the plaintiff on that claim." (emphasis added) *Cadle v. GEICO Gen. Ins. Co.*, 838 F.3d 1113, 1121 (11th Cir. 2016). The motion should be granted when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for [it] on a material element of [its] cause of action. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1242 (11th Cir. 2010).

"[T]o prevail on a breach of contract action, [a plaintiff] must prove (1) a valid contract; (2) a material breach; and (3) damages." *See Murciano v. Garcia*, 958 So.2d 423, 423 (Fla. 3d DCA 2007). Damages recoverable by a party injured by a breach of contract are those which would naturally result from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was made." *Sharick v. Se. University of the Health Sciences, Inc.*, 780 So.2d 136, 139 (Fla. 3d DCA 2000).

The traditional rules governing breach of contract apply to insurance policies. In an action for breach of an insurance contract, judgment as a matter of law is proper where the Plaintiff (the insured) fails to present a legally sufficient evidentiary basis that the insurance company breached the insurance contract. *Schmidt v. Allstate Insurance Company*, 2008 WL 3287133 (D. Hawaii 2008). Likewise, a Plaintiff's failure to present reliable evidence of the amount of damages can also support entry of judgment as a matter of law against it. *Id.* Hence, an unsubstantiated estimate on the value of damages constitutes grounds for entry of a directed verdict against a party. *Id.* [2]

**II.     APPLICATION OF LEGAL STANDARDS TO THIS CASE**

---

[2] It is well-settled that an insured must prove not only that its alleged damages are covered, but also that its damages are at least greater than the deductible. *Fitzpatrick v. Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *Appalachian Ins. Co. v. United Postal Savings Association*, 422 So. 2d 332 (Fla. 3d DCA 1982)(insured must prove that it satisfies deductible of policy of insurance in order to recover damages).

In applying the above legal standards to the trial of this case, Plaintiffs had to prove that they complied with the Policy, Defendant breached the Policy, as a result of the breach they suffered covered damages and establish the dollar amount of damages resulting from direct physical loss to the property.

The Court gave the following instructions to the jury **[D.E. #200]**:

*To recover damages from Rockhill Insurance for breach of contract, AM Grand and AM 280 must prove the following:*

*1. AM Grand, AM 280, and Rockhill Insurance entered into a contract. AM Grand, AM 280, and Rockhill have stipulated or agreed that the insurance policy entered into by Rockhill, AM Grand, and AM 280 satisfies this requirement;*

*2. That AM Grand and AM 280 did all of the essential things the Policy required; and*

*3. Rockhill Insurance breached the contract by failing to pay the amounts of money to which AM Grand and AM 280 were due under the Policy on their claim for insurance benefits.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If your verdict is for AM Grand and AM 280, you must also consider the matter of damages. You should award AM Grand and AM 280 an amount of money that the greater weight of the evidence shows will fairly and adequately compensate AM Grand and AM 280 for their damages. Compensatory damages is that amount of money which will put AM Grand and AM 280 in as good a position as they would have been if Rockhill had not breached the insurance policy and which naturally result from the breach.*

At the close of Plaintiffs' case-in-chief, it was abundantly clear that Plaintiffs did not satisfy their burden by proving that Rockhill breached the Policy or that they suffered any damages a result. In fact, not one witness that testified in Plaintiffs' case provided any evidence of how Defendant breached the Policy or the amount of damages purportedly suffered by Plaintiffs as a result of any breach. Plaintiffs failed to adduce

4

evidence that the jury could properly use to determine whether Defendant breached the Policy or any amount of damages, if any.

The only record evidence that includes any dollar figures are the following:

**1)** **Plaintiffs' Ex. #13 (admitted)** – Colby Chavers' November 3, 2017 estimate for $1.1mm/$951k which he and Ms. Corbett testified the purpose of it was to provide an overall exposure based on the public adjuster's representations that the roofs at the property would need to be replaced.  It in no way is an estimate for a total of covered hurricane-related damages.

**2)** **Limited Stipulated Ex. #8** – Edward Bittman's of Five Star Claims Adjusting March 27, 2018 estimate for $1,173,759.24 for the replacement of <u>all</u> five roofs at the property.  Plaintiffs' Corporate Representative Mr. Kirschner discounted this estimate and testified that he did not rely upon it because decided to sell the property.

**3)** **Stip. Ex. #3, #12, and #13** – Mason Mitchell's March 16, 2018 Report/Estimate and photographs wherein he utilized the course of repairs set forth by Mr. Timothy Philmon to complete an estimate of Hurricane Irma-related damages in the amount of $149,164.93.

**4)** **Stip. Ex. #3** - Julie Corbett's May 25, 2018 correspondence to the Plaintiffs providing the Donan and Tines Group's reports which included a total value of damages of $235,556.80 which fell below the deductible.

Beyond the four (4) Exhibits listed above there is not one piece of evidence (via testimony or documentation) which places a numeric value or could be interpreted as placing a valuation on an amount of damages being sought by Plaintiffs in this case. Not one witness testified on behalf of the Plaintiffs as to a valuation of covered damages

Plaintiffs suffered as a result of Hurricane Irma. Plaintiffs have not proven that they suffered *any* damages or that Rockhill breached the Policy.

Further, Rockhill met its burden of proving its Affirmative Defenses by the greater weight of the evidence and Plaintiffs failed to refute the evidence presented in support of each of the following [Court's Instructions to the Jury **[D.E. #200]**]:

    (1) Duties of the Named Insured in the Event of Loss or Damage;
    (2) Pre-Existing Damage;
    (3) Wear and Tear, Rust or Corrosion Damage;
    (4) Wind-Driven Rain Endorsement;
    (5) Seepage or Leakage of Water;
    (6) Faulty, Inadequate or Defective Maintenance; and
    (7) Roof Covering Conditional Valuation.

Plaintiffs did not move the Court for a Judgment as a Matter of Law either by written motion or *ore tenus* at any time during the proceedings.

## III. <u>CONCLUSION</u>

It is undeniable and undisputed that all of the evidence considered in the light most favorable to the Plaintiffs point overwhelmingly in favor of Defendant and that there is no conceivable way that a reasonable person could arrive at a contrary verdict other than in favor of Defendant thereby making the granting of Defendant's Motion(s) an absolute.[3] Defendant exposed the unreliability and complete absence of generally accepted methodology employed by Plaintiffs' sole expert and other "fact" witnesses (other than Julie Corbett) who attempted to support Plaintiffs' claim for an unsubstantiated amount of damages as a result of Hurricane Irma. Plaintiffs themselves could not account for an amount of money it would take to make repairs to the property for Hurricane Irma-related damages. Plaintiffs, still to this very day, failed

---

[3] Defendant proved each and every fact to support ALL of its Affirmative Defenses through all witnesses, Plaintiffs' and Defendant's, which are all consistent with the pre-trial filings and conform with its assertion and presentation of its Affirmative Defenses.

6

to provide the support for the "emergency repairs" made to the roof of Building D – where is that number?

Plaintiffs' other three (3) witnesses, to wit: Mr. Arce, Mr. Brizuela and Mr. Gonzalez were retained by the Plaintiffs' counsel's law firm in July of 2018 – after or at the time of the filing of the lawsuit against Defendant – all viewing the condition of the property 10 months or longer after the alleged date of loss.  Mr. Arce testified that the roofs *could be partially repaired* yet he did not prepare an estimate *even* for those repairs and as such, Mr. Arce could offer no evidence of the cost to repair the direct physical damage to the insured property as a result of Hurricane Irma or the cause of the supposed moisture throughout the property. Mr. Gonzalez added zero value to the Plaintiffs' case as he also failed to offer any evidence of the cost to repair hurricane-related damages.  The opinion of the one permissible "expert" for Plaintiffs is based on hearsay, inadequate data of others, insufficient data and, overwhelmingly on the unquestioned acceptance of the representations of Plaintiffs' representatives pre-suit, as well as conceded violations of AHCA and Mr. Brizuela's own violation of Florida Administrative Code amounting to grounds for disciplinary proceedings.

Plaintiffs failed to present at trial, either directly or by fair inference, any evidence that would give rise to any genuine issue of disputed material fact on any or all elements of Plaintiffs' claim including any breach of the Policy by Defendant and failed to present reliable, let alone *any* evidence of the <u>amount of damages</u>, including any covered damages exceed the Policy's deductible - an element required to support the entry of judgment in their favor.

Based upon Federal Rule 50, including a determination by the Court that the evidence did not support the jury's verdict and the only reasonable conclusion based upon the evidence that the jury could have reached in this case should have been in favor of Defendant, ROCKHILL INSURANCE COMPANY, hereby requests this Court to grant its Motion(s) and enter Final Judgment in its favor and against Plaintiffs.

## **CERTIFICATE OF SERVICE**

I hereby certify that on **December 9th, 2019**, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via email this day to: Font & Nelson, PLLC, 200 S. Andrews Avenue, Suite 501, Fort Lauderdale, Florida 33301 (jfont@fontnelson.com; afriedman@fontnelson.com; bfischer@fontnelson.com; fnelson@fontnelson.com; gvega@fontnelson.com; jproffitt@fontnelson.com; jwilds@fontnelson.com; nkronen@fontnelson.com; pleadings@fontnelson.com)**;** either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

.

**LEVY LAW GROUP**

 /s/Lauren D. Levy, Esq.
LAUREN D. LEVY, ESQ.
Florida Bar No.: 0116490
lauren@levylawgroup.com
3399 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Telephone: (305) 444-1500
Facsimile: (305) 503-9295
*Attorneys for Defendant/Counter-Plaintiff,*
*Rockhill Insurance Company*