UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.1:18-cv-23576-KMW

AM GRAND COURT LAKES LLC
& AM 280 SIERRA DRIVE LLC,

    Plaintiffs/Counter-Defendants,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.
_____/

## DEFENDANT'S REPLY TO RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND SUPPLEMENTAL BRIEF IN SUPPORT[1]

Defendant, Rockhill Insurance Company ("Defendant"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida, hereby files its Motion to Strike and Defendant's Reply to the Response to Defendant's Motion for Judgment as a Matter of Law and Supplemental Brief in Support Thereof filed by Plaintiffs/Counter-Defendants, AM GRAND COURT LAKES LLC and AM 280 SIERRA DRIVE LLC (collectively, "Plaintiffs"), stating as follows:

**I.    RELEVANT BACKGROUND**

1.    During trial in the above-referenced matter, at the close of Plaintiffs' case-in-chief, Defendant moved for entry of Judgment as a Matter of Law on all claims, filing

---

[1] Defendant will address Plaintiffs' out of turn and untimely Motion for Directed Verdict in a separate motion.

a written Motion for Judgment as a Matter of Law (the "Motion") on November 20, 2019[2] **[D.E. #186]**.

2.  Pursuant to Local Rule 7.1(c) Plaintiffs, as the parties opposing the Motion, were required to "serve an opposing memorandum of law no later than fourteen (14) days after service of the motion" and "[f]ailure to do so may be deemed sufficient cause for granting the motion by default". *See Local Rule 7.1(c).*

3.  Accordingly, Plaintiffs' response in opposition to Defendant's Motion was due on or before Wednesday, December 4, 2019.

4.  On Monday, December 9, 2019, five (5) days after the deadline, and without seeking or receiving an enlargement of time, Plaintiffs filed their opposing memorandum (the "Response") as part of their own "Motion for Directed Verdict and Entry of Final Judgment, and Response to the Defendant's Motion for Directed Verdict"[3] **[D.E. #208]** (the "Response").

5.  Although Defendant respectfully submits that Plaintiffs' response should be stricken as an out-of-time filing, Defendant substantively (and timely) replies to the Response as follows:

II.  **REPLY TO PLAINTIFFS' RESPONSE**

6.  In their Response, Plaintiffs argue that they were only required to prove, and did so prove by the greater weight of the evidence, that the physical damages to the subject property arose during the Policy period, citing to *Phoenix Insurance Co. v.*

---

[2] Defendant subsequently renewed its Motion for Judgment as a Matter of Law, *ore tenus*, at the close of all evidence, prior to submission of the case to the jury for deliberations.

[3] Plaintiff's Response incorrectly states the title of Defendant's Motion and incorrectly identifies it as being docketed under **"[D.E. #198]"**. *See [D.E. #208].* In actuality, **D.E. #198** corresponds to this Court's November 25, 2019 Paperless Order requiring supplementation, if any, to pending motions for judgment as a matter of law on or before December 9, 2019. *See [D.E. #198]*

2

*Branch*, 234 So.2d 396 (Fla. 4th DCA 1970) and *Egan v. Washington General Insurance Corp.*, 240 So.2d 875 (Fla. 4th DCA 1970), for the general proposition that once an insured establishes a loss apparently within the terms of an "'all risks" policy, the burden shifts to the insurer to prove that the loss arose from a cause which is excepted. *See* **[D.E. #208], pp.2,9.** Plaintiffs also cite to *B & S Assocs., Inc. v. Indem. Cas. & Prop., Ltd.*, 641 So. 2d 436, 437 (Fla. 4th DCA 1994) for the proposition that "[c]overage should be extended under an all-risks insurance policy, even when the cause of the damage is unknown." *See* **[D.E. #208] pp.2,9.**

7.     However, the aforesaid cases involve insurance claims for which coverage was altogether denied by the insurer, thus **the insured's burden to quantify and prove its monetary damages was not in play** [**emphasis** added]. As such, these cases are inapposite to the case at bar, where Plaintiffs' claim was not denied; rather, Defendant determined that Plaintiffs' covered damages did not exceed the Policy deductible. In this case, Plaintiffs needed to establish, by the greater weight of the evidence, the amount of money it would take to fairly and adequately compensate Plaintiffs for their damages. As more particularly argued in Defendant's Motion **[D.E. #186]** and Supplementary Brief **[D.E. #207],** Plaintiffs have not met this burden.

8.     Plaintiffs also cite extensively to the case of *Fayad v. Clarendon National Insurance Company*, 899 So.2d 1082 (Fla. 2005) in their Response. *See* **[D.E. #208] pp.9-11.** In *Fayad*, a homeowners' insurer sought a declaratory judgment that its policy did not cover property damage resulting from a nearby blasting. The trial court entered summary judgment in favor of insurer, the insureds appealed, the Third District Court of Appeals affirmed, and the Florida Supreme Court ultimately quashed the decision and remanded the case. However, like *Phoenix, Egan* and *B&S*, the *Fayad* case also

3

involved a pure coverage question, and **did not involve the calculation of damages** [**emphasis** added]. Accordingly, the *Fayad* case also does little or nothing to advance Plaintiffs' opposition to Defendant's Motion.

9. Contrary to Plaintiffs' arguments, it was not enough for Plaintiffs to merely establish a loss within the terms of the Policy in order to shift the burden to Defendant. Rather, it was incumbent on Plaintiffs to: (i) prove that they complied with the Policy; (ii) prove that Defendant breached the Policy; (iii) prove that they suffered covered damages as a result of the breach; and, (iv) **establish the dollar amount of damages resulting from direct physical loss to the property** [**emphasis** added]. In fact, the Court gave the following instructions to the jury **[D.E. #200]**:

> *To recover damages from Rockhill Insurance for breach of contract, AM Grand and AM 280* ***must prove the following****:*
>
> *1. AM Grand, AM 280, and Rockhill Insurance entered into a contract. AM Grand, AM 280, and Rockhill have stipulated or agreed that the insurance policy entered into by Rockhill, AM Grand, and AM 280 satisfies this requirement;*
>
> *2. That AM Grand and AM 280 did all of the essential things the Policy required; and*
>
> *3. Rockhill Insurance breached the contract by failing to pay the amounts of money to which AM Grand and AM 280 were due under the Policy on their claim for insurance benefits.*
>
> ******************************************************************
>
> *If your verdict is for AM Grand and AM 280,* ***you must also consider the matter of damages. You should award AM Grand and AM 280 an amount of money that the greater weight of the evidence shows will fairly and adequately compensate AM Grand and AM 280 for their damages. Compensatory damages is that amount of money which will put AM Grand and AM 280 in as good a position as they would have been if Rockhill had not breached the insurance policy and which naturally result from the breach****.*

Case 1:18-cv-23576-KMW   Document 211   Entered on FLSD Docket 12/16/2019   Page 5 of 7

CASE NO. 1:18-cv-23576-KMW

[**emphasis** added].

10. When viewed in light of this instruction, Plaintiffs clearly failed to satisfy their burden of proof, as they did not prove every essential part of their claim by the greater weight of the evidence, to wit: that Defendant breached the insurance contract and as a result Plaintiffs suffered damages.

11. As discussed in Defendant's Motion **[D.E. #186]** and Supplementary Brief **[D.E. #207],** in an action for breach of an insurance contract, judgment as a matter of law in favor of an insurer is proper where the insured fails to present a legally sufficient evidentiary basis that the insurance company breached the insurance contract. *Schmidt v. Allstate Insurance Company*, 2008 WL 3287133 (D. Hawaii 2008). Likewise, a Plaintiff's failure to present **reliable evidence of the amount of damages** can also support entry of judgment as a matter of law against it. *Id*. Hence, an unsubstantiated estimate on the value of damages constitutes grounds for entry of a directed verdict against a party. *Id*. An insured must prove not only that its alleged damages are covered, **but also that its damages are at least greater than the deductible**. *Appalachian Ins. Co. v. United Postal Savings Association*, 422 So. 2d 332 (Fla. 3d DCA 1982) [**emphasis** added].

12. Plaintiffs in the instant case have failed to present sufficient evidence to prove the breach and damage elements of the claim, and no jury reasonably could have reached a verdict for Plaintiffs as to these issues, warranting judgment as a matter of law. *See Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192 (11th Cir.2004). *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)("The moving party is entitled to a judgment as a matter of law

[where] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof"); *Collado v. UPS*, 419 F.3d 1143, 1149 (11th Cir.2005)("Judgment as a matter of law is appropriate "when there is insufficient evidence to prove an element of the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim"); *Bogle v. Orange County Bd. of County Comm'rs*, 162 F.3d 653, 659 (11th Cir.1998)("[I]n order to survive a defendant's motion for judgment as a matter of law... the plaintiff must present evidence that would permit a reasonable jury to find in the plaintiff's favor on each and every element of the claim").

### III. CONCLUSION

13. In the case *sub judice*, Plaintiffs' evidence did not rise to the level which would necessitate submitting the matter to the jury. Conversely, the evidence is so weighted in favor of Defendant that Defendant must prevail as a matter of law. The facts and inferences point overwhelmingly in favor of Defendant, such that reasonable people would not have arrived at a verdict in favor of Plaintiffs. Plaintiffs have failed to present reliable evidence on the amount of damages presented and have shown no legally sufficient evidentiary basis for a reasonable jury to find for them on any material element of their cause of action. Plaintiffs' unsubstantiated estimate on the value of damages constitutes grounds for entry of a judgment as a matter of law against them, and Plaintiffs' Response raises no genuine issue which would preclude the relief Defendant is seeking herein. Accordingly, Defendant's Motion for Judgment as a Matter of Law **[D.E. #186]** should be granted.

WHEREFORE, Defendant, ROCKHILL INSURANCE COMPANY, respectfully requests that the Court grant its Motion for Judgment as a Matter of Law and set aside

the jury's November 22, 2019 verdict and enter Judgment in its favor and against Plaintiffs, AM GRAND COURT LAKES LLC & AM 280 SIERRA DRIVE LLC, and provide such further relief deemed just and appropriate under the circumstances.

## **CERTIFICATE OF SERVICE**

I hereby certify that on **December 16th, 2019**, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via email this day to: Font & Nelson, PLLC, 200 S. Andrews Avenue, Suite 501, Fort Lauderdale, Florida 33301 (jfont@fontnelson.com; afriedman@fontnelson.com; bfischer@fontnelson.com; fnelson@fontnelson.com; gvega@fontnelson.com; jproffitt@fontnelson.com; jwilds@fontnelson.com; nkronen@fontnelson.com; pleadings@fontnelson.com)**;** either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

**LEVY LAW GROUP**

 /s/Lauren D. Levy, Esq.
LAUREN D. LEVY, ESQ.
Florida Bar No.: 0116490
lauren@levylawgroup.com
PAULA LEVY PARKES, ESQ.
Florida Bar No.: 0117031
paula@levylawgroup.com
3399 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Telephone:   (305) 444-1500
Facsimile:   (305) 503-9295
*Attorneys for Defendant/Counter-Plaintiff, Rockhill Insurance Company*