UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.1:18-cv-23576-KMW

AM GRAND COURT LAKES LLC
& AM 280 SIERRA DRIVE LLC,

    Plaintiffs/Counter-Defendants,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.
_____/

**DEFENDANT/COUNTER-PLAINTIFF'S RESPONSE TO
MOTION FOR DIRECTED VERDICT AND INCORPORATED MOTION TO STRIKE**

    Defendant/Counter-Plaintiff, Rockhill Insurance Company ("Defendant"), by and through its undersigned counsel and pursuant to Rule 50 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida, hereby files its Response and incorporated Motion to Strike as to the Motion for Directed Verdict filed by Plaintiffs/Counter-Defendants, AM GRAND COURT LAKES LLC and AM 280 SIERRA DRIVE LLC (collectively, "Plaintiffs"), stating as follows:

**I.    RELEVANT BACKGROUND**

    1.    During trial in the above-referenced matter, at the close of Plaintiffs' case-in-chief, Defendant moved for entry of Judgment as a Matter of Law on all claims, filing a written Motion for Judgment as a Matter of Law on November 20, 2019 **[D.E. #186]**.

    2.    The Court reserved ruling on Defendant's Motion for Judgment as a Matter of Law and after the close of evidence and prior to submitting the action to the

jury, Defendant again moved for Motion for Judgment as a Matter of Law and the Court again reserved ruling subject to its later deciding the legal questions raised by Defendant's Motions.

3. The jury trial in this matter was completed on November 22, 2019, and the jury returned a verdict in favor of Plaintiffs in the amount of $9,280,000.00. After the jury was discharged, Defendant requested to argue its Motions for Judgment as a Matter of Law and was advised Court still reserving ruling.

4. Plaintiffs did not move for judgment as a matter of law at any time before the case was submitted to the jury.

5. On November 25, 2019, the Court entered Order **[D.E. #198]** allowing the parties until December 9, 2019 to file supplementation, if any, to pending motions for judgment as a matter of law.

6. On December 9, 2019, Plaintiffs' filed a late and prohibited Motion for Directed Verdict and Entry of Final Judgment, and Response to the Defendant's Motion for Directed Verdict[1] **[D.E. #208]** ("Plaintiffs' Motion").

7. In their unsolicited and untimely Motion, Plaintiffs ask the Court to grant "their directed verdict for damages in the corresponding amount of $15,512,500". *See* ***[D.E. #208]**, p.14.*

8. Defendant respectfully submits that Plaintiffs' Motion should be Stricken for Plaintiffs' failure to comply with Rule 50 of the Federal Rules of Civil Procedure and that Plaintiffs' Motion is substantively insufficient as a matter of law.

---

[1] Plaintiff's Response incorrectly states the title of Defendant's Motion and incorrectly identifies it as being docketed under "**[D.E. #198]**". *See **[D.E. #208]**.* In actuality, **D.E. #198** corresponds to this Court's November 25, 2019 Paperless Order requiring supplementation, if any, to pending motions for judgment as a matter of law on or before December 9, 2019. *See **[D.E. #198]***

II. **MEMORANDUM OF LAW**

    A. **Plaintiffs' Motion was Filed in Violation of Rule 50**

9. Pursuant to Rule 50(a)(2) of the Federal Rules of Civil Procedure, a motion for judgment as a matter of law "may be made at any time **before the case is submitted to the jury**. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment" [**emphasis** added].

10. A Motion for Judgment as a Matter of Law which is not originally filed until after the jury returned a verdict is untimely and must be denied. *See Berman v. Kafka* 2015 WL 12942273 *1 (M.D. Fla. 2015). The Eleventh Circuit "repeatedly has made clear that any renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a) at the close of the evidence and prior to the case being submitted to the jury." *Id.*(citing *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir. 2004)). Therefore, "the district court lack[s] authority to grant a Rule 50(b) judgment on a ground not raised by the parties prior to the submission of the case to the jury." *Id.*

11. Stated otherwise, a Rule 50(a) motion must first be made at trial, otherwise a court may not consider a Rule 50(b) motion made post-judgment. *Registe v. Linkamerica Exp., Inc.*, 2015 WL 1288138 *FN2 (M.D.Fla. 2015)(citing *Crawford v. Andrew Sys., Inc.*, 39 F.3d 1151, 1153–54 (11th Cir.1994); *see also, Sanchez v. Menesses*, 2008 WL 11452602 *1-2 (S.D. Fla. 2008)(Motion for Judgment as a Matter of Law not filed until two-weeks after the jury returned its verdict held untimely and denied).

12. A party who either fails to move for judgment as matter of law on any

3

claim at conclusion of evidence or fails to renew at that time motion for judgment as matter of law made earlier than close of evidence has waived posttrial motion for judgment as matter of law. *Neely v. American Family Mut. Ins. Co.*, 930 F. Supp. 360, 367-368 (N.D. Iowa 1996), affirmed 123 F.3d 1127.

13. Accordingly, because Plaintiffs' Motion was not originally filed until after the jury returned its verdict, the Motion is untimely and should be stricken.

**B.** **Plaintiffs' Motion is Also Insufficient as a Matter of Law**

14. To defeat a motion for judgment as a matter of law, the non-moving party must present evidence that would permit a reasonable jury to find in its favor on the claim. *Bogle v. Orange County Bd. of County Comm'r*, 162 F.3d 653, 659 (11th Cir. 1998). In considering a motion for judgment as a matter of law, the court may not weigh the evidence or decide the credibility of the witnesses. *SEC v. Adler*, 137 F.3d 1325, 1340 (11th Cir. 1998) (internal citation omitted). If the court concludes that there is substantial evidence of such quality and weight that reasonable persons exercising impartial judgment might reach different conclusions, the motion should be denied. *Robbins v. Koger Properties, Inc.*, 116 F.3d 1441, 1446 (11th Cir. 1997).

15. In the instant case, Plaintiffs are seeking a "directed verdict for damages in the corresponding amount of $15,512,500", *see **[D.E. #208]**, p.14*; however, Defendant has presented more than enough evidence to create a substantial conflict as to the amount requested, thus permitting a reasonable jury to find against Plaintiffs on this aspect of their claim.

16. Specifically, witnesses Julie Corbett, Colby Chavers, Timothy Philmon and Mason Mitchell all provided credible testimonial evidence which directly conflicts with

Plaintiffs' assertion that they are entitled to a "directed verdict" in the amount of $15,512,500 or any amount, which testimony was supported by corresponding documentary evidence. See **[Stip. Ex. #3, #10 - #14]**.

17. Accordingly, the Court should deny Plaintiffs' Motion because Defendant, the opposing party, presented "enough evidence to create a substantial conflict in the evidence on an essential element of the plaintiff's case." *Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272, 1278 (11th Cir.2005).

### III. CONCLUSION

18. In light of the foregoing, Defendant respectfully submits that Plaintiff's Motion should be stricken for failure to comply with Rule 50 of the Federal Rules of Civil Procedure or, at a minimum, Plaintiffs' Motion should be denied because there is substantial evidence of such quality and weight that reasonable persons exercising impartial judgment might reach a conclusion which differs from the relief Plaintiffs have requested. In addition to Plaintiffs failure to comply with Rule 50, they violated this Court's November 25, 2019 Order as there was no Motion for Judgment as a Matter of Law or anything of the like to be supplemented by the Plaintiffs which is what the Court was allowing the parties to do. The Court was not inviting the parties to file Rule 50 Motions for the very first time.

WHEREFORE, Defendant/Counter-Plaintiff, Rockhill Insurance Company, respectfully requests that the Court grant its Motion to Strike as to the Motion for Directed Verdict filed by Plaintiffs/Counter-Defendants, AM GRAND COURT LAKES LLC and AM 280 SIERRA DRIVE LLC, or deny said Motion, and provide such further relief deemed just and appropriate under the circumstances.

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues. Specifically, the undersigned sent electronic correspondence to Plaintiffs' counsel concerning the specific relief requested in its Motion to Strike on December 16, 2019 and received no response.

**CERTIFICATE OF SERVICE**

I hereby certify that on **December 23rd, 2019**, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via email this day to: Font & Nelson, PLLC, 200 S. Andrews Avenue, Suite 501, Fort Lauderdale, Florida 33301 (jfont@fontnelson.com; afriedman@fontnelson.com; bfischer@fontnelson.com; fnelson@fontnelson.com; gvega@fontnelson.com; jproffitt@fontnelson.com; jwilds@fontnelson.com; nkronen@fontnelson.com; pleadings@fontnelson.com)**;** either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing..

                              **LEVY LAW GROUP**

                              /s/Lauren D. Levy, Esq.
                              LAUREN D. LEVY, ESQ.
                              Florida Bar No.: 0116490
                              lauren@levylawgroup.com
                              PAULA LEVY PARKES, ESQ.
                              Florida Bar No.: 0117031
                              paula@levylawgroup.com

CASE NO. 1:18-cv-23576-KMW

> 3399 Ponce de Leon Blvd., Suite 202
> Coral Gables, Florida 33134
> Telephone: (305) 444-1500
> Facsimile: (305) 503-9295
> *Attorneys for Defendant/Counter-Plaintiff,*
> *Rockhill Insurance Company*