IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:18-cv-23576-KMW

AM GRAND COURT LAKES LLC &
AM 280 SIERRA DRIVE LLC,

    Plaintiffs,
v.

ROCKHILL INSURANCE COMPANY,

    Defendant.
_____/

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR DIRECTED VERDICT AND INCORPORATED MOTION TO STRIKE**

Plaintiffs, AM GRAND COURT LAKES LLC & AM 280 SIERRA DRIVE LLC, ("Plaintiffs"), by and through undersigned counsel, and pursuant to Rule 50 of the Federal Rules of Civil Procedure and Local Rule 7.1 of the United States District Court for the Southern District of Florida, hereby files their Reply to the Defendant's Response to Motion for Directed Verdict and Incorporated Motion to Strike, **[D.E. 214]** filed by Defendant, ROCKHILL INSURANCE COMPANY ("Defendant") and in support states as follows:

**I. PLAINTIFFS' REPLY TO DEFENDANT'S ASSERTION OF BACKGROUND**

1. During trial in the above referenced matter, both the Plaintiffs and the Defendant made *ore tenus* motions for entry of Judgment as a Matter of Law on all claims.

2. The Court reserved ruling on all Motions for Judgment as a Matter of Law, and advised that the parties, both Plaintiffs and Defendant, had until December 9, 2019, to file supplementation, if any, to pending motions for judgment as a matter of law. **[D.E. 198]**.

3. Plaintiffs, pursuant to Court Order **[D.E. 198]** filed their Motion for Directed Verdict and Entry of Final Judgment and Response to the Defendant's Motion for Directed Verdict on December 9, 2019. **[D.E. 208]**.

## II. PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM OF LAW

### A. Plaintiffs' Motion was Filed in Accordance with the Rules of Civil Procedure

4. During trial, Plaintiffs made an ore tenus motion for a directed verdict pursuant to Rule 50(a)(2) of the Federal Rules of Civil Procedures, which provides that,

"[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment."

5. Plaintiffs contended at trial and again its Motion for Directed Verdict and Entry of Final Judgement and Response to Defendant's Motion for Directed Verdict that Defendant had failed to provide any evidence showing that the damage sustained to the subject property was in any way excluded under the policy of insurance, and provided no evidence in contradiction to Plaintiffs' experts showing that the property was a total loss which renders payment of the insurance policy's limits. **[D.E. 208]**.

6. Plaintiffs have properly complied with moving for a directed verdict pursuant to Federal Rule of Civil Procedure 50(a)(2) by moving for the directed verdict prior to the case being submitted to the jury and have properly supplemented the motion in accordance with the Court's Order **[D.E. 198]** by filing the Motion for Directed Verdict and Entry of Final Judgement and Response to Defendant's Motion for Directed Verdict by December 9, 2019.

7. Likewise, Plaintiffs are in compliance with 50(b)(3) of the Federal Rules of Civil Procedures, which provides that,

"If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment-or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged-the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59."

8. To this day, there has not been a final judgment entered consistent with the jury verdict and the jury was discharged on November 22, 2019, therefore, Plaintiffs' Motion for Directed Verdict and Entry of Final Judgement and Response to Defendant's Motion for Directed Verdict, filed on December 9, 2019 is timely. **[D.E. 208]**.

9. The entirety of Defendant's Motion to Strike **[D.E. 214]** rests on the false assertion that Plaintiffs did not move for judgment as a matter of law prior to the case being submitted to a jury, therefore, the entirety of Defendant's argument has been premised on error.

**B. Plaintiffs Motion is Sufficient as a Matter of Law**

10. Judgment as a matter of law may be entered where "there is no legally sufficient evidentiary basis for a reasonable jury to find' for the non-moving party." *Chaney v. City of Orland, Fla.*, 483 F.3d 1221, 1227 (11th Cir. 2007).

11. The Defendant failed to provide any evidence during trial or before trial, to contradict Plaintiffs' experts that the subject property had sustained physical damage during the policy period resulting in a total loss.

3

12. The amount that Plaintiffs are seeking in their Motion for Directed Verdict, is the insurance policy limits, the amount of which is not in dispute. **[D.E. 29-1]**.

13. Defendant makes broad statements in its Response to Motion for Directed Verdict and Incorporated Motion to Strike, that witnesses Julie Corbett, Colby Chavers, Timothy Philmon, and Mason Mitchell all provided credible testimonial evidence, without giving specifics of each person's testimony or how it contradicts Plaintiffs' experts testimony regarding a total loss to property. **[D.E. 214]**.

14. None of the Defendant's witnesses were able to refute the diagnostic findings of Plaintiffs' experts, Sergio Arce and Al Brizuela.

15. The Defendant was unable to substantiate as to how any damages being claimed by the Plaintiffs were precluded by any policy exclusion.

16. Mr. Alain Gonzalez, Plaintiffs' expert, gave substantial testimony regarding the cost to rebuild the subject property based on the totality of the damages as testified to by Mr. Brizuela, to which was never refuted by any of the Defendant's experts.

## CONCLUSION

WHEREFORE, as shown in accordance with above cited case law, the corresponding facts of this claim it is respectfully requested that this Court grants the Plaintiffs' Motion for Directed Verdict and Entry of Final Judgment **[D.E. 208]** and deny Defendant's Motion to Strike **[D.E. 214]** and provide such further relief deemed just and appropriate under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically delivered via the CM/ECF filing portal on December 30, 2019, on all counsel or parties of record on the Service List below.

/s/ *Sonya P. Randolph*
**JOSE P. FONT, ESQ.**
Florida Bar No.: 0738719
**SONYA P. RANDOLPH, ESQ.**
Florida Bar No.: 1007710
**FONT & NELSON, PLLC**
Counsel for the Plaintiff
200 S. Andrews Ave., Suite 501
Ft. Lauderdale, Florida 33301
Telephone: (954) 248-2920
Facsimile: (954) 248-2134
srandolph@fontnelson.com
pleadings@fontnelson.com

## SERVICE LIST

Lauren D. Levy, Esq.
lauren@levylawgroup.com
Levy Law Group
3399 Ponce De Leon Boulevard
Suite 202
Coral Gables, FL 33134
Telephone: (305) 444-1500
Facsimile: (305) 503-9295
Attorney for Defendant

Paula Levy, Esq.
paula@levylawgroup.com
Levy Law Group
3399 Ponce De Leon Boulevard
Suite 202
Coral Gables, FL 33134
Telephone: (305) 444-1500
Facsimile: (305) 503-9295
Attorney for Defendant