UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-23576-CIV-WILLIAMS

AM GRAND COURT LAKES, LLC, et al.,

    Plaintiffs,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant Rockhill Insurance Company's motion for judgment as a matter of law. (DE 186). Plaintiffs AM Grand Court Lakes LLC and AM 280 Sierra Drive LLC filed a response, in which they also requested a directed verdict, (DE 208) and Defendant filed a reply (DE 211).

On November 22, 2019, following a jury trial, the jury rendered a verdict in favor of Plaintiffs, finding the total damages sustained by Plaintiffs to be $9,280,000. (DE 202). Defendant moves for entry of judgment as a matter of law, requesting that the Court enter judgment in its favor and against Plaintiffs. (DE 186). Federal Rule of Civil Procedure 50(b) allows a party to renew a motion for judgment as a matter of law made pursuant to Rule 50(a) following entry of a jury verdict. Rule 50(b) provides, in pertinent part, as follows:

> **(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.**
> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. . . . In ruling on the renewed motion, the court may:

(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

When considering a Rule 50(b) motion, the court must consider the evidence presented at trial, drawing all reasonable inferences in favor of the non-moving party. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192–93 (11th Cir. 2004). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* (citing *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 148-151 (2000)). Defendant's motion should not be granted "if there was any legally sufficient basis for a reasonable jury to find in favor of" Plaintiffs. *Marlite, Inc. v. Eckenrod*, 537 F. App'x 815, 816 (11th Cir. 2013) (internal quotations omitted). Drawing all reasonable inferences in favor of the nonmoving party, and in light of all the evidence presented at trial, the Court **DENIES** Defendant's motion. To the extent Plaintiffs' response constitutes a motion for directed verdict, the Court **DENIES** Plaintiffs' motion.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's motion (DE 186) is **DENIED**. The Parties shall submit a proposed final judgment within fourteen days of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, this 11th day of February, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE