UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.1:18-cv-23576-KMW

AM GRAND COURT LAKES LLC
& AM 280 SIERRA DRIVE LLC,

    Plaintiffs/Counter-Defendants,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.

_____/

### DEFENDANT/COUNTER-PLAINTIFF'S MOTION FOR REHEARING ON AND/OR RECONSIDERATION OF THE COURT'S FEBRUARY 12, 2020 ORDER DENYING ITS MOTION FOR JUDGMENT AS A MATTER OF LAW

    Defendant/Counter-Plaintiff, ROCKHILL INSURANCE COMPANY ("Rockhill" or "Defendant"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 60(a), hereby files Defendant's Motion for Rehearing and/or Reconsideration of this Court's February 12, 2020 Order **[D.E. #222]** Denying its Motion for Judgment as a Matter of Law **[D.E. #186]**. In support thereof, Rockhill states as follows:

**I.    RELEVANT BACKGROUND**

    1.    This is a first party insurance coverage dispute under a commercial insurance policy (the "Policy") entered into between Rockhill and Plaintiffs, AM GRAND COURT LAKES LLC and AM 280 SIERRA DRIVE LLC ("Plaintiffs"), as to the property located at 280 Sierra Drive, North Miami, Florida 33179 (the "Insured Property"), for the effective period of November 7, 2016 through November 7, 2017.  The Insured Property

is a dilapidated, run-down assisted-living facility built in the 1970's, with roofs in age of excess of 25 years, uncontroverted prior losses (including a tornado in 2014 and/or 2016) and multiple violations by AHCA and the Building Department, among others, and was sold "as is" to YMP Grand Court Lakes LLP on April 11, 2019.

2. Plaintiffs claimed catastrophic losses in the instant case, based upon discredited and unqualified "expert" reports, seeking $16 million dollars from Rockhill for damages purportedly caused by Hurricane Irma. Conversely, Rockhill asserted that damages to the Insured Property were less than the Policy's $330,250.00 deductible when the asserted provisions and exclusions of the Policy were applied.

3. At trial, during the Plaintiffs' case-in-chief, Rockhill exposed the unreliability and complete absence of generally accepted methodology employed by Plaintiffs' "experts" who supported Plaintiffs' claim for damages. The opinions of these "experts" were based on inadequate independent data, insufficient data and, overwhelmingly on the unquestioned acceptance of the representations of Plaintiffs' representatives pre-suit[1].

4. Plaintiffs failed to present <u>any</u> legally sufficient evidentiary basis to find in their favor on their breach of contract clam, and failed to present reliable evidence on the <u>amount of damages</u>, an element required to support the entry of judgment against Rockhill. Plaintiffs also failed to prove that the alleged damages are covered under the insurance policy that their damages are at least greater than the deductible.

---

[1] Defendant respectfully submits that the Court erred in refusing to strike and/or exclude the testimony of all of Plaintiffs' purported experts in its entirety, notwithstanding Defendant's written motions prior to trial (*see **D.E. #126** and **D.E. #221***) and its objections during trial.

5. During trial in the above-referenced matter, at the close of Plaintiffs' case in-chief, Defendant moved for entry of judgment as a matter of law on all claims, filing a written Motion for Judgment as a Matter of Law on November 20, 2019 **[D.E. #186]**. The Court reserved ruling and, after the close of evidence, but prior to submitting the action to the jury, Defendant verbally renewed its Motion for Judgment as a Matter of Law. The Court again reserved ruling, subject to its later deciding the legal questions raised by Defendants.

6. The jury trial in this matter was completed on November 22, 2019, and the jury returned a verdict in favor of Plaintiffs in the amount of $9,280,000.00. After the jury was discharged, Defendant requested to argue its Motion for Judgment as a Matter of Law **[D.E. #186]** and renewed Motion (collectively, the "Motions for Judgment as a Matter of Law"). At that time, the Court advised the parties that it was still reserving ruling[2].

7. On November 25, 2019, the Court entered an Order **[D.E. #198]** allowing the parties until December 9, 2019 to file supplementation, if any, as to Defendant's Motions for Judgment as a Matter of Law.

8. On December 9, 2019, Defendant filed a Supplementary Brief in Support of its Motions for Judgment as a Matter of Law (the "Supplementary Brief") **[D.E. #207]**.

9. On February 12, 2020, eighty-two (82) days after the jury returned its verdict and Defendant requested permission to argue its Motions for Judgment as a Matter of Law, the Court entered a two (2) page Order Denying Defendant's Motions for Judgment as a Matter of Law (the "Order") **[D.E. #222]**, without a hearing.

---

[2] Plaintiffs did not move for judgment as a matter of law at any time before the case was submitted to the jury.

10. The Order does not mention any of the arguments or cases advanced by Defendant in its Motions for Judgment as a Matter of Law or its Supplementary Brief and is silent as to whether or not the Court reviewed Defendant's Supplementary Brief or took it into consideration.

11. Therefore, as more particularly set forth herein, Defendant respectfully submits that, in order to prevent manifest injustice, the Court should rehear and/or reconsider Defendant's Motions for Judgment as a Matter of Law because the entry of the Order denying same constitutes a mistake arising from oversight or omission.

## II. MEMORANDUM OF LAW

### A. Federal Rule of Civil Procedure 60(a)

Federal Rule of Civil Procedure 60(a) allows for relief from "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The courts have delineated three major grounds justifying reconsideration of its decisions, including "the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen*, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Motions for reconsideration have been granted where the court overlooked matters that might have materially influenced an earlier decision. *See Park South Tenants Corp. v. 200 Central Park South Associates, L.P.*, 754 F.Supp. 352, 354 (S.D.N.Y.), aff'd, 941 F.2d 112 (2d Cir. 1991). *See also*, *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F.Supp.2d 427, 428 (S.D.N.Y.2002)(quoting *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 392 (S.D.N.Y.2000)); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148,151 (S.D.N.Y.1999); *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y. 1993), affd sub nom. *Fulani v. Bensten*, 35 F.3d 49 (2d Cir.1994).

## B. Federal Rules of Civil Procedure 50(a) and 50(b)

With regard to Defendant's written Motion for Judgment as a Matter of Law, made at the close of Plaintiffs' case in-chief **[D.E. #186]**, Federal Rule of Civil Procedure 50(a) provides:

> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

With regard to Defendant's post-verdict renewal of its Motion for Judgment as a Matter of Law, Federal Rule of Civil Procedure 50(b), which allows a party to renew a motion for judgment as a matter of law made pursuant to Rule 50(a) following entry of a jury verdict, provides, in pertinent part:

> Renewing the Motion After Trial; Alternative Motion for a New Trial.
>
> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion .... In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law..

When ruling upon a motion for judgment as a matter of law, District Courts are to "consider whether such sufficient conflicts exist in the evidence to necessitate submitting the matter to the jury or whether the evidence is so weighted in favor of one side that one party must prevail as a matter of law." *Thosteson v. United States*, 331 F.3d 1294, 1298 (11th Cir. 2003) (citing *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1244 (11th Cir. 1999) (*en banc*); *see also*, *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997). If the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then a motion for judgment as a matter of law is properly granted. *Id.*

The Eleventh Circuit has instructed that the proper analysis under Rule 50 "'is squarely and narrowly focused on the sufficiency of evidence,' that is, whether the evidence is 'legally sufficient to find for the party on that issue.' " *Chmielewski v. City of St. Pete Beach*, 890 F.3d 942, 948 (11th Cir. 2018) (quoting *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007)).

"Judgment as a matter of law for a defendant is appropriate, when there is insufficient evidence to prove an element of the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim." *Cadle v. GEICO Gen. Ins. Co.*, 838 F.3d 1113, 1121 (11th Cir. 2016). The motion should be granted when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1242 (11th Cir. 2010).

C. **Breach of Contract Elements**

"[T]o prevail on a breach of contract action, [a plaintiff] must prove (1) a valid contract; (2) a material breach; and (3) damages." See *Murciano v. Garcia*, 958 So.2d 423, 423 (Fla. 3d DCA 2007). Damages recoverable by a party injured by a breach of contract are those which would naturally result from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was made." *Sharick v. Se. University of the Health Sciences, Inc.*, 780 So.2d 136, 139 (Fla. 3d DCA 2000).

The traditional rules governing breach of contract apply to insurance policies. In an action for breach of an insurance contract, judgment as a matter of law is proper where the Plaintiff (the insured) fails to present a legally sufficient evidentiary basis that the insurance company breached the insurance contract. *Schmidt v. Allstate Insurance Company*, 2008 WL 3287133 (D. Hawaii 2008). Likewise, a Plaintiff's failure to present reliable evidence of the amount of damages can also support entry of judgment as a matter of law against it. *Id*. Hence, an unsubstantiated estimate on the value of damages constitutes grounds for entry of a directed verdict against a party. *Id*. It is well-settled than an insured must prove not only that its alleged damages are covered, but also that its damages are at least greater than the deductible. *Appalachian Ins. Co. v. United Postal Savings Association*, 422 So. 2d 332 (Fla. 3d DCA 1982)(insured must prove that it satisfies deductible of policy of insurance in order to recover damages).

In the instant case, Plaintiffs had to prove that they complied with the Policy, that Defendant breached the Policy and that as a result of the breach they suffered covered damages, and Plaintiffs had to establish the dollar amount of damages resulting from direct physical loss to the property.

The Court gave the following instructions to the jury **[D.E. #200]**:

*To recover damages from Rockhill Insurance for breach of contract, AM Grand and AM 280 must prove the following:*

*1. AM Grand, AM 280, and Rockhill Insurance entered into a contract. AM Grand, AM 280, and Rockhill have stipulated or agreed that the insurance policy entered into by Rockhill, AM Grand, and AM 280 satisfies this requirement;*

*2. That AM Grand and AM 280 did all of the essential things the Policy required; and*

*3. Rockhill Insurance breached the contract by failing to pay the amounts of money to which AM Grand and AM 280 were due under the Policy on their claim for insurance benefits.*

See **[D.E. #200]**, *p.13 of 24*.

*If your verdict is for AM Grand and AM 280, you must also consider the matter of damages. You should award AM Grand and AM 280 an amount of money that the greater weight of the evidence shows will fairly and adequately compensate AM Grand and AM 280 for their damages. Compensatory damages is that amount of money which will put AM Grand and AM 280 in as good a position as they would have been if Rockhill had not breached the insurance policy and which naturally result from the breach.*

See **[D.E. #200]**, *p.22 of 24*.

At the close of Plaintiffs' case-in-chief, it was clear that Plaintiffs had not satisfied their burden by proving that Rockhill breached the Policy or that they suffered any damages a result. In fact, not one witness that testified in Plaintiffs' case provided any evidence of how Defendant breached the Policy or the amount of damages purportedly suffered by Plaintiffs as a result of any breach. Plaintiffs failed to adduce evidence that the jury could properly use to determine whether Defendant breached the Policy or any amount of damages, if any.

Further, Rockhill met its burden of proving its Affirmative Defenses by the greater weight of the evidence and Plaintiffs failed to refute the evidence presented in support of each of the following Court's Instructions to the Jury **[D.E. #200]**:

      (1) Duties of the Named Insured in the Event of Loss or Damage;
      (2) Pre-Existing Damage;
      (3) Wear and Tear, Rust or Corrosion Damage;
      (4) Wind-Driven Rain Endorsement;
      (5) Seepage or Leakage of Water;
      (6) Faulty, Inadequate or Defective Maintenance; and
      (7) Roof Covering Conditional Valuation.

*See **[D.E. #200]**, p.12 of 24*.

Plaintiffs did not move the Court for a Judgment as a Matter of Law either by written motion or *ore tenus* at any time during the proceedings.

All of the evidence considered in the light most favorable to the Plaintiffs pointed overwhelmingly in favor of Defendant and there was no conceivable way that a reasonable person could have arrived at a verdict other than in favor of Defendant.[3] Defendant exposed the unreliability and complete absence of generally accepted methodology employed by Plaintiffs' sole expert and other "fact" witnesses (other than Julie Corbett) who attempted to support Plaintiffs' claim for an unsubstantiated amount of damages as a result of Hurricane Irma[4]. Plaintiffs themselves could not account for an amount of money it would take to make repairs to the property for Hurricane Irma-related

---

[3] Defendant proved each and every fact to support ALL of its Affirmative Defenses through all witnesses, Plaintiffs' and Defendant's, which are all consistent with the pre-trial filings and conform with its assertion and presentation of its Affirmative Defenses.

[4] At trial, Plaintiffs' witnesses testified outside of what they were allowed to testify about (*see **D.E. #126**)* over Defendant's objection.

damages[5]. Plaintiffs' other three (3) witnesses, to wit: Mr. Arce, Mr. Brizuela and Mr. Gonzalez were retained by the Plaintiffs' counsel's law firm in July of 2018 – after or at the time of the filing of the lawsuit against Defendant – all viewing the condition of the property 10 months or longer after the alleged date of loss. Mr. Arce testified that the roofs *could be partially repaired* yet he did not prepare an estimate *even* for those repairs and as such, Mr. Arce could offer no evidence of the cost to repair the direct physical damage to the insured property as a result of Hurricane Irma or the cause of the supposed moisture throughout the property. Mr. Gonzalez added zero value to the Plaintiffs' case as he also failed to offer any evidence of the cost to repair hurricane-related damages. The opinion of the one permissible "expert" for Plaintiffs is based on hearsay, inadequate data of others, insufficient data and, overwhelmingly on the unquestioned acceptance of the representations of Plaintiffs' representatives pre-suit, as well as conceded violations of AHCA and Mr. Brizuela's own violation of Florida Administrative Code amounting to grounds for disciplinary proceedings.

### III. <u>CONCLUSION</u>

Plaintiffs failed to present at trial, either directly or by fair inference, any evidence that would give rise to any genuine issue of disputed material fact on any or all elements of Plaintiffs' claim, including any breach of the Policy by Defendant, and failed to present reliable, let alone *any* evidence of the <u>amount of damages</u>, including any covered damages exceed the Policy's deductible - an element required to support the entry of judgment in their favor.

---

[5] Plaintiffs completely and undeniably failed to provide the support for the "emergency repairs" made to the roof of Building D.

In light of the foregoing, the evidence did not support the jury's verdict in the instant case, and the only reasonable conclusion based upon the evidence that the jury could have reached should have been in favor of Defendant.  Accordingly, Defendant respectfully submits that the Order constitutes a mistake arising from oversight or omission and, prevent manifest injustice, the Court should rehear and/or reconsider Defendant's Motions for Judgment as a Matter of Law.

WHEREFORE, Defendant/Counter-Plaintiff, ROCKHILL INSURANCE COMPANY, respectfully requests that the Court enter an Order granting its Motion for Rehearing on and/or Reconsideration of this Court's February 12, 2020 Order **[D.E. #222]** Denying its Motion for Judgment as a Matter of Law. **[D.E. #186]** and awarding any and all further relief that it deems just and proper under the circumstances.

CASE NO. 1:18-cv-23576-KMW

## CERTIFICATE OF CONFERENCE

Counsel for Rockhill certifies that, in accordance with S.D. Fla. L.R. 7.1(a)(3), they have conferred or attempted to confer with counsel for Plaintiffs via electronic correspondence concerning the relief sought in this Motion, in a good faith effort to resolve the issues raised in the Motion. Plaintiffs have not responded or otherwise expressed a position as to the relief requested herein.

## CERTIFICATE OF SERVICE

I hereby certify that on **February 25, 2020**, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via email this day to: Font & Nelson, PLLC, 200 S. Andrews Avenue, Suite 501, Fort Lauderdale, Florida 33301 (jfont@fontnelson.com; afriedman@fontnelson.com; bfischer@fontnelson.com; fnelson@fontnelson.com; gvega@fontnelson.com; jproffitt@fontnelson.com; jwilds@fontnelson.com; nkronen@fontnelson.com; pleadings@fontnelson.com); either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

**LEVY LAW GROUP**
 /s/Lauren D. Levy, Esq.
LAUREN D. LEVY, ESQ.
Florida Bar No.: 0116490
lauren@levylawgroup.com
PAULA LEVY PARKES, ESQ.
Florida Bar No.: 0117031
paula@levylawgroup.com
3399 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Telephone:   (305) 444-1500
Facsimile:   (305) 503-9295
*Attorneys for Defendant/Counter-Plaintiff, Rockhill Insurance Company*