UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:18-cv-23576-KMW

AM GRAND COURT LAKES LLC &
AM 280 SIERRA DRIVE LLC,

    Plaintiffs

v.

ROCKHILL INSURANCE COMPANY,

    Defendant
_____/

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REHEARING ON AND/OR RECONSIDERATION OF THE COURT'S FEBRUARY 12, 2020 ORDER DENYING ITS MOTION FOR JUDGMENT AS A MATTER OF LAW

    COMES NOW, the Plaintiffs, AM Grand Court Lakes and AM 280 Sierra Drive, by and through undersigned counsel and hereby state as follows in opposition to Defendant's Motion for Rehearing on and/or Reconsideration of the Court's February 12, 2020 Order Denying its Motion for Judgment as a Matter of Law **[D.E. 227]**.

### STATEMENT OF FACTS

    As an initial and dispositive consideration in relation to the Defendant's motion pursuant to Rule 60(a), there is no record fact, legal finding, or for that matter, even a corresponding proposed judgment, for which it can proclaim in good faith as serving as a colorable basis to substantiate the motion for relief. Rather, the Defendant simply seeks to take another bite of the apple in relation to matters that were fully briefed, considered and adjudicated by this Court by way of, *inter alia*, the following.

1. Mr. Brizuela, a licensed engineer and general contractor who fully specified in a sworn report the facts, data, principles and methods that supported his findings that the insured assisting

1

living facility had sustained a constructive total loss in relation to Hurricane Irma, was adjudicated to have done so reliably as provided for in this Court's September 11, 2019 Order which set forth the basis for its findings. Per the Defendant's request, and without objection on the part of the Plaintiffs, the sworn report was entered into evidence. Hence, and in relation to a factual dispute that was largely governed by the opinions of competing experts, the Defendant has no legitimate basis to contend that there was no evidence to support the jury verdict. The truth of the matter is that the Defendant's efforts to impeach Mr. Brizuela at trial were evidenced as futile, and in fact only served to further evidence the soundness of his opinions and corresponding diagnostic findings that the Defendant's very own expert engineer, Mr. Philmon, could not dispute in any material form. In a self-serving and conclusory form, the Defendant suggests that his trial testimony differed in a material form and that it otherwise proved "all of its affirmative defenses." In reality however, Mr. Philmon admitted that there were in fact water damages from top to bottom, and that he could not opine as to the efficient proximate cause of same – much less an excluded causes of loss, the burden of which rested upon the Defendant. *Fayad v. Clarendon National Insurance Company*, 899 So.2d 1082, 1089 (Fla. 2005); *Sebo v. Am. Home Assurance Co.*, 208 So. 3d 694 (Fla. 2016). Moreover, the Defendant did not present through its experts or otherwise any alternative method, means or cost of repair in relation to the top to bottom damages that Mr. Philmon admitted to at trial as being so.

2. Alain Gonzalez, a licensed contractor that specializes in building and rebuilding assisted living facilities, fully concurred in sworn form with Mr. Brizuela's principles, methods and findings per the underlying facts and data, the distinction being is that he set forth the known market valuations associated with reconstructing the insured assisted living facility. As it did for Mr. Brizuela and Mr. Arce's findings and opinions as presented at trial, this Court's

September 11, 2019 Order denying the Defendant's Motion to Strike **[D.E. 126]** evidences the fallacy of the Defendant's motion for rehearing which sets forth no specific or substantive basis for which his testimony at trial, or the testimony of any other person or expert, now serves to discredit his opinions that were fully vetted by way of cross-examination at trial, contemporaneous objections ruled upon during trial, the supplemental briefing of the parties that followed the verdict, the jury's verdict which rejected all of the Defendant's shotgun defenses that it proclaims without substance as having proven in their entirety, or this Court's February 11, 2020 Order denying the Defendant's Rule 50 Motion that was further and fully briefed post-trial in accordance with this Court's Order.

3. By way of related jury instructions **[D.E. 200]** and the verdict forms that had to be considered in conjunction with the operative legal issues and evidence presented at trial, the Court had to adjudicate the issues of fact that were subject to being presented to the jury pursuant to the evidence that was admitted at trial. Thereby, and by definition, the Court was required to consider the reliability of the expert testimony, documentary evidence, and fact witness testimony that ultimately served as the basis for the jury's verdict which unequivocally rejected the Defendant's defenses that were left unsubstantiated by way of record evidence.

For the foregoing reasons, and the memorandum of law which further supports same, the Plaintiffs will not regurgitate a complete account of all the evidence and legal considerations that served to support this Court's reasoned decision that was entered on February 11, 2020. Rather, the Plaintiffs will respectfully emphasize that it is entitled to the entry of the final judgment that it submitted to this Court as ordered on February 11, 2020. **[D.E. 222]** It is worth noting in said regard that in advance of drawing application of common law interest from the date of the breach as provided for per the jury's verdict, Plaintiffs' final judgment equates to $9,280,000.00. By way of conferral or related motion, in advance of submitting a competing final judgment the

Defendant never sought a reduction in consideration of a deductible or the actual cash valuation of the roofing system. In so doing the Defendant disregarded this Court's rules and related order which required a conferral. This is especially so since the Plaintiffs' counsel had attempted to confer with the Defendant's counsel in said regard repeatedly in the preceding months, and in so doing, the Defendant's only prior submission provided for a judgment in the amount of $9,280,000.00. The burden of course rested upon the Defendant to motion for relief accordingly, including its right to seek a reduction per a clear and unambiguous deductible. *Fla. Stat. Sec 627.701(2)(b); See Royale Green Condominium Ass'n, Inc. v. Aspen Specialty Ins. Co.,* 2008 WL 2074383 (S.D. Fla. 2008); *Strama v. Union Fidelity Life Ins. Co.,* 793 So. 2d 1129, 1132 (Fla. 1st DCA 2001). In terms of prejudgment interest, and for the reasons previously motioned for by the Plaintiffs, the Defendant has not offered any factual or legal basis by which this Court should not appropriate same from the date that it wrongfully denied coverage on May 25, 2018.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 60(a) states in pertinent part as follows:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

In relying upon Fed. R. Civ. P. 60(a), and throughout its Motion, the Defendant is asking this Court to reconsider and/or allow for rehearing on issues which would affect the substantive rights of the parties, including the determinations made by the jury. **[D.E. 227]**. While Fed. R. Civ. P. 60(a) allows for correction of clerical errors, errors that would affect the substantial rights of the parties are beyond the scope of Rule 60(a). *Mullins v. Nickel Plate Mining Co.,* 691 F.2d 971, 973 (11th Cir.1982); *Gilbert v. Daniels*, 725 Fed. Appx. 789 (11th Cir. 2018); *Diaz v. United States*, No. 18-10012-B, 2018 U.S. App. LEXIS 32470, at *3 (11th Cir. Nov. 15, 2018). The only potentially

4

feasible argument raised by the Defendant in its Motion **[D.E. 227]**, is an allegation that the Court did not consider its December 9, 2019 Supplementary Brief in support of its Motion for Judgment as a Matter of Law. **[D.E. 207]** However, there is no basis for the Defendant to raise this allegation as its Supplementary Brief **[D.E. 207]** was submitted to this Court over two (2) months prior to this Court's February 11, 2020 Order. **[D.E. 222]**. Moreover, and even assuming *arguendo* that this Court did not consider the Supplementary Brief **[D.E. 207]**, Rule 60(a) would not be the appropriate procedural vehicle to bring the present Motion because the Defendant is seeking substantive relief from the Court's Order. **[D.E. 222]**. Rule 60(a) only allows a Court to correct mistakes or oversights that cause the judgment or order to fail to reflect what was intended at the time, not to reconsider substantive arguments. *Vaughter v. E Air Lines, Inc.,* 817 F. 2d 685, 688-91 (11th Cir. 1987). A district court is not permitted to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect. *Weeks v. Jones,* 100 F. 3 124, 128-29 (11th Cir. 1996).

Moreover, and although the Defendant only motions this Court pursuant to Fed. R. Civ. P. 60(a) **[D.E. 227]**, the Defendant's Motion **[D.E. 227]** asks the Court to grant a reconsideration of its Motion **[D.E. 222]** but in so doing, simply re-argues the points raised in its original Motion **[D.E. 186]** and its Supplement **[D.E. 207]** and then simply concludes that based on those arguments the jury could only possibly find in favor of the Defendant and as such, there was some mistake arising from oversight in the Court's Order Denying the Motion. **[D.E. 222]**. *Instituto De Prevision Militar v. Lehman Brothers, Inc.* 485 F. Supp. 2d 1340, 1343, 1348 (S.D. Fla. 2007); *Young v. Lexington Ins. Co.,* 2010 WL 5588659, *1-2 (S.D. Fla. Dec. 10, 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment.") *citing Michael Linet, Inc. v. Village of Willington, Fla.,* 408 F. 3d 757, 763 (11th Cir. 2005). A motion for reconsideration should not be made to ask the Court to rethink

5

what the Court has already thought through. *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC.,* 687 F. Supp. 2d 1322, 324 (S.D. Fla. 2009); *Baquero v. Lancet Indem. Risk Retention Group, Inc.,* 2013 WL 5705574, *1 (S.D. Fla. 2013) (It is an improper use of the motion for reconsideration to ask the court to rethink what the Court…already thought trough-rightly or wrongly.).

## CONCLUSION

For the foregoing reasons, the Plaintiffs, AM Grand Court Lakes and AM 280 Sierra Drive, respectfully request that the Court deny Defendant's Motion for Rehearing on and/or Reconsideration of the Court's February 12, 2020 Order Denying its Motion for Judgment as a Matter of Law. Thereby, entering the final judgment that the Plaintiffs' submitted to this Court and filed of record on February 25, 2020. **[D.E. 228]**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically delivered via the CM/ECF filing portal on March 10, 2020, on all counsel or parties of record on the Service List below.

**FONT & NELSON PLLC**
*Attorneys for Plaintiffs*
200 S. Andrews Avenue, Suite 501
Fort Lauderdale, FL 33301
Tel: (954) 248-2920; Fax: (954) 248-2134
Designated E-mail: pleadings@fontnelson.com
Secondary E-mail: jmartin@fontnelson.com
Tertiary E-mail: srandolph@fontnelson.com

BY: /s/*Jaime Martin*
**JOSE P. FONT, ESQ.**
Florida Bar #: 0738719
**SONYA P. RANDOLPH, ESQ.**
Florida Bar # 1007710
**JAIME MARTIN, ESQ.**
Florida Bar #: 110616

## SERVICE LIST

Lauren D. Levy, Esq.
lauren@levylawgroup.com
Levy Law Group
3399 Ponce De Leon Boulevard
Suite 202
Coral Gables, FL 33134
Telephone: (305) 444-1500
Facsimile: (305) 503-9295
Attorney for Defendant

Paula Levy, Esq.
paula@levylawgroup.com
Levy Law Group
3399 Ponce De Leon Boulevard
Suite 202
Coral Gables, FL 33134
Telephone: (305) 444-1500
Facsimile: (305) 503-9295
Attorney for Defendant