UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.1:18-cv-23576-KMW

AM GRAND COURT LAKES LLC
& AM 280 SIERRA DRIVE LLC,

    Plaintiffs/Counter-Defendants,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.

_____/

**DEFENDANT/COUNTER-PLAINTIFF'S REPLY TO PLAINTIFFS'/COUNTER-DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR REHEARING ON AND/OR RECONSIDERATION OF THE COURT'S FEBRUARY 12, 2020 ORDER DENYING ITS MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant/Counter-Plaintiff, ROCKHILL INSURANCE COMPANY ("Defendant"), by and through its undersigned counsel and pursuant to Local Rule 7.1(c) and the Federal Rules of Civil Procedure, hereby files its Reply to Plaintiffs'/Counter-Defendants', AM GRAND COURT LAKES LLC and AM 280 SIERRA DRIVE LLC ("Plaintiffs") Response in Opposition **[D.E. #229]** to Motion for Rehearing and/or Reconsideration **[D.E. #227]** of this Court's February 12, 2020 Order **[D.E. #222]** Denying Defendant's Motion for Judgment as a Matter of Law **[D.E. #186]**, stating as follows:

**I.   RELEVANT BACKGROUND**

    1.    As the Court is aware, this is a first party insurance coverage dispute under a commercial insurance policy (the "Policy") entered into between Defendant and Plaintiffs, AM GRAND COURT LAKES LLC and AM 280 SIERRA DRIVE LLC

("Plaintiffs"), as to the property located at 280 Sierra Drive, North Miami, Florida 33179, for the effective period of November 7, 2016 through November 7, 2017.

2. Plaintiffs claimed catastrophic losses in the instant case, based upon discredited and unqualified "expert" reports, seeking $16 million dollars for damages purportedly caused by Hurricane Irma. Conversely, Defendant asserted that damages to the Insured Property were less than the Policy's $330,250.00 deductible, after applicable Policy provisions and exclusions were applied.

3. The jury trial in this matter was completed on November 22, 2019, and the jury returned a verdict in favor of Plaintiffs in the amount of $9,280,000.00. After the jury was discharged, Defendant requested to argue its Motion for Judgment as a Matter of Law **[D.E. #186]** and renewed Motion (collectively, the "Motions for Judgment as a Matter of Law"). At that time, the Court advised the parties that it was still reserving ruling[1].

4. On November 25, 2019, the Court entered an Order **[D.E. #198]** allowing the parties until December 9, 2019 to file supplementation, if any, as to Defendant's Motions for Judgment as a Matter of Law, and on December 9, 2019, Defendant filed a Supplementary Brief in Support of its Motions for Judgment as a Matter of Law (the "Supplementary Brief") **[D.E. #207]**.

5. On February 12, 2020, the Court entered its Order Denying Defendant's Motions for Judgment as a Matter of Law (the "Order") **[D.E. #222]**. The Order did not mention any of the arguments or cases advanced by Defendant in its Motions for Judgment as a Matter of Law or its Supplementary Brief and is silent as to whether or not the Court reviewed Defendant's Supplementary Brief or took it into consideration.

---

[1] Plaintiffs did not move for judgment as a matter of law at any time before the case was submitted to the jury.

6.      Consequently, on February 25, 2020, Defendant filed its Motion for Rehearing and/or Reconsideration (the "Motion for Reconsideration") **[D.E. #227]** of this Court's February 12, 2020 Order **[D.E. #222]** Denying its Motion for Judgment as a Matter of Law **[D.E. #186]** asking the Court to rehear and/or reconsider Defendant's Motions for Judgment as a Matter of Law in order to prevent manifest injustice, because the entry of the Order denying same constituted a mistake arising from oversight or omission.

7.      On March 10, 2020, Plaintiffs filed their Response in Opposition to the Motion for Reconsideration (the "Response") **[D.E. #229]**.

8.      As more particularly set forth herein, Plaintiffs' Response fails to raise any arguments which would preclude the relief requested by Defendant in its Motion for Reconsideration.

## II.     PLAINTIFFS' MISCHARCTERIZATION OF THE EVIDENCE

9.      Plaintiffs began their Response by mischaracterizing the evidence which purportedly came in through Plaintiffs' witnesses. *See* **[D.E. #229]**, *p. 1-3*. However, as pointed-out in the Motion for Reconsideration, over Defendant's objection at trial, Plaintiffs' witnesses, particularly Mr. Gonzalez, were erroneously permitted to testify well-outside the parameters specified in the Court's Order on Defendant's Motion to Strike **[D.E. #126]**, wherein the Court ruled that Gonzalez was "precluded from offering causation testimony". *See* **[D.E. #126]**.

10.     In fact, Plaintiffs failed to adduce evidence that the jury could properly use to either determine whether Defendant breached the Policy or calculate an amount of damages, if any. The only record evidence that included any dollar figures is the following:

    **a)**    **Plaintiffs' Ex. #13 (admitted)** – Colby Chavers' November 3, 2017 estimate for $1.1mm/$951k which he and Ms. Corbett testified the purpose of it was to provide an overall exposure based on the public adjuster's representations that the roofs at the property would need to be replaced. It in no way was an estimate for a total of covered hurricane-related damages.

    **b)**    **Limited Stipulated Ex. #8** – Edward Bittman's of Five Star Claims Adjusting March 27, 2018 estimate for $1,173,759.24 for the replacement of <u>all</u> five roofs at the property. Plaintiffs' Corporate Representative Mr. Kirschner discounted this estimate and testified that he did not rely upon it because decided to sell the property.

    **c)**    **Stip. Ex. #3, #12, and #13** – Mason Mitchell's March 16, 2018 Report/Estimate and photographs wherein he utilized the course of repairs set forth by Mr. Timothy Philmon to complete an estimate of Hurricane Irma-related damages in the amount of $149,164.93.

    **d)**    **Stip. Ex. #3** - Julie Corbett's May 25, 2018 correspondence to the Plaintiffs providing the Donan and Tines Group's reports which included a total value of damages of $235,556.80 which fell below the deductible.

11. Beyond the four (4) Exhibits listed above there was not scintilla of evidence (via testimony or documentation) which placed a numeric value or could be interpreted as placing a valuation on an amount of damages being sought by Plaintiffs in this case. Not one witness testified on behalf of the Plaintiffs as to a valuation of covered damages Plaintiffs suffered as a result of Hurricane Irma. Plaintiffs did not actually prove that they suffered *any* damages or that Defendant breached the Policy.

### III.   MISPLACED ARGUMENTS REGARDING THE PARTIES PROPOSED FINAL JUDGMENTS

12.   Plaintiffs continued the Response by improperly advancing arguments concerning the competing final judgments submitted by the parties on February 25, 2020 **[D.E. #226 and #228, Ex. 2]** - a topic which is outside the scope of the Motion for Reconsideration and not appropriate subject matter for Plaintiffs' Response. *See **[D.E. #229]**, p. 3-4*.

13.   Assuming *arguendo* that a final judgment is warranted under the circumstances, such judgment should be in the amount of $9,280,000.00, minus the applicable Policy Deductible ($330,250.00), minus the Actual Cash Value of the damage to the roof coverings ($196,155.39), for a total amount of $8,753,594.61, consistent with the Verdict Form **[D.E. #202]**.

14.   However, in the Response, Plaintiffs incorrectly dispute the fact that Defendant is entitled to have the Court reduce the final judgment by the amount of the Policy deductible, and incorrectly claim entitlement to prejudgment interest. *See **[D.E. #229]**, p. 3-4*.

15.   With regard to the deductible, Defendant would show that interpretation of an insurance contract is a matter of law. *See e.g., LaFarge Corp. v. Travelers Indem. Co.*, 118 F. 3d 1511, 1515 (11th Cir. 1997). Thus, determination of the correct amount of a deductible imposed by a contract is a matter of law for the Court. *Beverly Hills Condominium 1-12, Inc. v. Aspen Specialty Ins. Co.*, 2007 WL 1183939 (S.D. Fla. 2007)(determining amount of applicable deductible as a matter of law). Once determined, a Court can apply the deductible to a jury's verdict, reducing the verdict by the amount of the deductible, when rendering the final judgment. *See Chalfonte Condominium*

*Apartment Assoc. v. QBE Ins. Co.*, 561 F. 3d 1267, 1270 (S.D. Fla. 2009)(certifying to Florida Supreme Court the question of whether insurer's failure to comply with §627.701 deductible language and type-size requirement rendered deductible void, without questioning the district court's procedure of post-judgment reduction of award by the amount of the deductible in question); *Employers Ins. of Wausau v. Heritage Title*, 557 So. 2d 246, 246 (Fla. 1st DCA 1990)(remanding for trial court to amend final judgment by applying deductible to reduce award).

16. With regard to prejudgment interest, Defendant would show that prejudgment interest should not be awarded pursuant to §627.70131(5)(a), as it is well-established that surplus line insurance carriers such as Rockhill Insurance Company are not governed by the requirements of Chapter 627, Florida Statutes[2]. *See §626.913(4), Florida Statutes; Mt. Hawley Ins. Co. v. One River Plaza Co.,* 2014 WL 11721638, at *2 (S.D. Fla. 2014); *ABC Univ. Shops, LLC v. Scottsdale Ins. Co.*, 2018 WL 3672265 *4-5 (S.D. Fla. 2018)(*report and recommendation adopted*, 2018 WL 4409851 (S.D. Fla. 2018), **with Font & Nelson, P.A. as counsel for Plaintiff**) [**emphasis** supplied].

IV. **THE (PRESUMABLY) OVERLOOKED SUPPLEMENTAL BRIEF**

17. Next, although Plaintiffs concede the feasibility of Defendant's argument that the Court failed to consider Defendant's Supplementary Brief in Support of its Motions for Judgment as a Matter of Law (the "Supplementary Brief") **[D.E. #207]**, they then proceed to argue that Rule 60(a) does not allows the Court to "reconsider substantive

---

[2] For this same reason, the Court should disregard Plaintiffs' citation of §627.701(2)(b), Florida Statutes for their argument that "the burden of course rested upon the Defendant to motion for relief accordingly, including its right to seek a reduction per a clear and unambiguous deductible." *See* **[D.E. #229]**, p. 4.
;

6

arguments". *See **[D.E. #229]**, p. 4-5.* However, this argument makes absolutely no sense because Defendant is not, and could not possibly be, asking the Court to reconsider substantive arguments (*vis a vis* the Supplemental Brief) which Defendant submits that the Court never considered in the first place.

18. In fact, reconsideration is warranted where the Court overlooks arguments advanced by the moving party. *See J.P.M. v. Palm Beach County School Board*, 2013 WL 12380457 *3 (S.D. Fla. 2013)(reconsideration granted where court admittedly overlooked one of defendant's arguments); *In re Waczewski*, 2006 WL 1594141, *4 (M.D. Fla. 2006)( a motion for reconsideration properly addresses factual and legal matters that the Court may have overlooked).

19. The court has considerable discretion to reconsider an order. *Johnston v. Tampa Sports Authority*, 442 F.Supp.2d 1257, 1261 (M.D.Fla.2006)(*citing O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir.1992)), and abuses its discretion if it overlooks a relevant factor that deserves significant weight. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994).

V. **CONCLUSION**

20. In light of the foregoing and for the reasons articulated in the Motion for Reconsideration, Defendant respectfully submits that the Court should rehear and/or reconsider the Order.

WHEREFORE, Defendant/Counter-Plaintiff, ROCKHILL INSURANCE COMPANY, respectfully requests that the Court enter an Order granting its Motion for Rehearing and/or Reconsideration of this Court's February 12, 2020 Order **[D.E. #222]**

Denying its Motion for Judgment as a Matter of Law. **[D.E. #186]** and awarding any and all further relief that it deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I hereby certify that on **March 16, 2020**, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via email this day to: Font & Nelson, PLLC, 200 S. Andrews Avenue, Suite 501, Fort Lauderdale, Florida 33301 (jfont@fontnelson.com; afriedman@fontnelson.com; bfischer@fontnelson.com; fnelson@fontnelson.com; gvega@fontnelson.com; jproffitt@fontnelson.com; jwilds@fontnelson.com; nkronen@fontnelson.com; pleadings@fontnelson.com)**;** either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

**LEVY LAW GROUP**
 /s/Lauren D. Levy, Esq.
LAUREN D. LEVY, ESQ.
Florida Bar No.:  0116490
lauren@levylawgroup.com
PAULA LEVY PARKES, ESQ.
Florida Bar No.:  0117031
paula@levylawgroup.com
3399 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Telephone:   (305) 444-1500
Facsimile:    (305) 503-9295
*Attorneys for Defendant/Counter-Plaintiff, Rockhill Insurance Company*