UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.1:18-cv-23576-KMW

AM GRAND COURT LAKES LLC
& AM 280 SIERRA DRIVE LLC,

    Plaintiffs/Counter-Defendants,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant/Counter-Plaintiff.

_____/

**DEFENDANT/COUNTER-PLAINTIFF'S REPLY TO
PLAINITFFS'/COUNTER-DEFENDANTS' RESPONSE IN OPPOSITION
TO MOTION FOR ATTORNEYS' FEES**

Defendant/Counter-Plaintiff, ROCKHILL INSURANCE COMPANY ("Defendant"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida, hereby files its Reply to the Response In Opposition to Defendant's Motion for Attorney's Fees filed by Plaintiffs/Counter-Defendants, AM GRAND COURT LAKES LLC and AM 280 SIERRA DRIVE LLC (collectively, "Plaintiffs"), and in support thereof, states as follows:

    1.    On November 1, 2019, the Court entered a Paperless Order to Show Cause **[D.E. #133]** directing the parties to appear and Show Cause on November 4, 2019 as to why they failed to comply with the Court's October 28, 2019 Pre-trial Order **[D.E. #130]**.

    2.    On November 4, 2019, a Show Cause Hearing was held before Judge Kathleen M. Williams, during which the Court also considered Defendant's then-pending

Expedited Motion to Compel Compliance with the Court's Orders ("Motion to Compel") **[D.E. #131].** *See Transcript of November 4, 2019 Show Cause to Hearing* **[D.E. #232]**.

3.    At the November 4, 2019 Show Cause Hearing, the Court:

a.    sanctioned Plaintiffs' counsel, Font & Nelson, PLLC, verbally ruling that Font & Nelson, PLLC pay Defendant's attorneys' fees and costs associated with attendance at the hearing and filing the Motion to Compel because, in Judge Williams' view, attorney Jose P. Font, Esq. had, throughout this case "flouted" the her prior orders as well of those of Judge Torres'; and,

b.    directed Lauren D. Levy, Esq. to "put together some type of voucher or however you wish to present it" as to Defendant's fees, and to "submit that to Mr. Font and to the Court".

*See* **[D.E. #232]**, *page 20.*

4.    Although a "Paperless Minute Entry for proceedings held before Judge Kathleen M. Williams: Show Cause Hearing held on 11/4/2019" was docketed on November 4, 2019 **[D.E. #138]**, as of the date of this Reply, **no Order has issued relative to Defendant's Motion to Compel** [**emphasis** added].

5.    As is evident from the Court's verbal ruling at the November 4, 2019 Show Cause Hearing, attorneys' fees were assessed by the Court *sua sponte* pursuant to Rule 16 of the Federal Rules of Civil Procedure, governing Pretrial Conferences, Scheduling and Management, and consistent with the prayer for relief contained in Defendant's Motion to Compel**,** which sought "such further relief this Honorable Court deems just and proper under the circumstances". *See* **[D.E. #131]**; **[D.E. #232]**.

6. As instructed by the Court, on February 24, 2020, Defendant filed the Declaration of Lauren D. Levy, as to the fees incurred by Defendant in connection with the Motion to Compel and the Show Cause hearing in the amount $2,350.50 (the "Declaration") **[D.E. #225]**.

7. On April 30, 2020, Defendant filed its Motion for Attorney's Fees pursuant to Rule 16 of the Federal Rules of Civil Procedure (the "Fee Motion") **[D.E. #233]**, asking the Court to enter an Order liquidating the attorney's fees consistent with the Declaration, which had been previously-assessed against Plaintiffs as a sanction in connection with Defendant's Motion to Compel **[D.E. #131]**. This Fee Motion was in no way a new / stand-alone motion for attorneys' fees as contemplated by Local Rule 7.3, which narrowly applies to "a motion for an award of attorneys' fees and/or non-taxable expenses and costs **arising from the entry of a final judgment or order**" [**emphasis** added]. *See Local Rule 7.3(a)*.

8. On May 14, 2020, Plaintiffs filed their Response in Opposition to Motion for Attorney's Fees (the "Response"), the gravamen of which is that the Fee Motion should be denied for Defendant's failure to comply with Local Rule 7.3(a). *See* **[D.E. #234]**.

9. However, for the reasons more particularly set forth herein, Local Rule 7.3(a) is inapplicable to the relief sought by Defendant, and the Fee Motion should be granted.

10. Local Rule 7.3(a) provides, in relevant part:

> **Motions for Attorneys' Fees and/or Non-Taxable Expenses and Costs. This rule provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement. A motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the**

> **motion[1], as described in paragraph (b) below, has been completed. The motion shall…**

*See Rule 7.3(a), Local Rules of the United States District Court for the Southern District of Florida.*

11.     On its face, Local Rule 7.3 applies to Motions for Attorneys' Fees "arising from the entry of a final judgment or order". In the case at bar, as of the filing of this Reply, no final judgment or order has been entered relative to the relief requested by Defendant. Accordingly, Local Rule 7.3 does not serve to bar the relief requested by Defendant's Fee Motion, as Plaintiffs would suggest.

12.     In addition, the Court's directive that defense counsel "put together some type of voucher or however you wish to present it", *see* **[D.E. #232]**, *page 20,* is clearly contrary to Plaintiffs' contention that the Court intended for Defendant to comply with the extremely specific and detailed requirements of a motion and supporting documents filed under Local Rule 7.3.

13.     In actuality, the sanctions sought by Defendant in the instant Fee Motion should be awarded, pursuant to Rule 16 of the Federal Rules of Civil Procedure, governing Pretrial Conferences, Scheduling and Management, which provides in relevant part:

> **(f) SANCTIONS.**
>
> **(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)– (vii), if a party or its attorney:**
>
> **(A) fails to appear at a scheduling or other pretrial conference;**

---

[1] Although Defendant submits that Local Rule 7.3(a) does not apply to the Fee Motion, Defendant would show that, as certified in the Fee Motion, Defendant conferred with Plaintiffs in good faith, prior to filing same pursuant to Local Rule 7.1(a)(3).

**(B)** is substantially unprepared to participate—or does not participate in good faith—in the conference; or

**(C)** fails to obey a scheduling or other pretrial order.

**(2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.**

WHEREFORE, Defendant/Counter-Plaintiff, ROCKHILL INSURANCE COMPANY, respectfully requests the entry of an Order granting its Motion for Attorney's Fees and awarding any further relief deemed just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I hereby certify that on **May 15, 2020**, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via email this day to: Font & Nelson, PLLC, 200 S. Andrews Avenue, Suite 501, Fort Lauderdale, Florida 33301 (jfont@fontnelson.com; afriedman@fontnelson.com; bfischer@fontnelson.com; fnelson@fontnelson.com; gvega@fontnelson.com; jproffitt@fontnelson.com; jwilds@fontnelson.com; nkronen@fontnelson.com; pleadings@fontnelson.com)**;** either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

**LEVY LAW GROUP**

/s/Lauren D. Levy, Esq.
LAUREN D. LEVY, ESQ.
Florida Bar No.: 0116490
lauren@levylawgroup.com
PAULA LEVY PARKES, ESQ.
Florida Bar No.: 0117031
paula@levylawgroup.com
3399 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Telephone:   (305) 444-1500
Facsimile:    (305) 503-9295
*Attorneys for Defendant/Counter-Plaintiff, Rockhill Insurance Company*